# CHARLESTON.

## DENNY v. AMERICAN CAR & FOUNDRY CO.

Submitted February 22, 1910.  Decided May 16, 1911.

1. MASTER AND SERVANT—*Injury to Servant—Defective Appliances.*
   The master is liable for an injury to the servant resulting from the master's failure reasonably to inspect and keep safe an appliance with which the servant must work, unless the servant himself failed to exercise due care.  (p. 406).

2. SAME—*Defective Appliances—Inspection by Servant.*
   There is no duty on the servant to inspect closely and make sure of the condition of the appliance with which he must work. He has the right to rely on the duty of the master to keep the appliance reasonably safe, except when the defect is known to him or is such that in reason he should observe it.  (p. 406).

Error to Circuit Court, Cabell County.

Action by Richard Denny against the American Car & Foundry Company. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*Anderson, Strother & Hughes,* for plaintiff in error.

*Jean F. Smith,* for defendant in error.

ROBINSON, JUDGE:

Plaintiff, while employed by the defendant company in its car manufacturing establishment, was severely injured. He sued for damages, alleging that the injury was caused by defendant's failure to provide him reasonably safe machinery and appliances with which to work. Through the verdict of a jury, he has judgment for three thousand dollars, as to which defendant has prosecuted a writ of error.

The injury resulted from the tilting of a steel rail on a track in the yard of defendant's establishment. Plaintiff was assisting several other laborers in pushing a heavily loaded truck. The truck was being pushed off a movable section of the track, which movable section was made so as to transfer cars or trucks from one track to another. Each of the two rails on this movable section rested on a timber laid lengthwise with it. There were

no cross-ties. When the hind wheels of the loaded truck were at the end of these rails, over one of which plaintiff walked as he pushed, the heavy weight caused the spikes to pull out and the rail to tilt and strike plaintiff between the legs and on the back. The severe character of the injury inflicted is fully established.

Plaintiff's evidence clearly establishes that the track was defective, unsafe and insecure, and that defendant should have known this condition. One of defendant's own foremen testifies that the spikes pulled out and allowed the rail to tilt on its end because of the wear on the track by constant use. It was the duty of the defendant to keep the track safe for the employees that were made to walk over it in pushing loaded trucks. Defendant is chargeable with knowledge of its bad condition; for by reasonable care defendant could have observed the defect. The circumstances prove that defendant did not observe care in looking to the condition of the track. Defendant offered no evidence. There is no showing that defendant at any time ever inspected the track or took care to keep it safe. The fulfillment of defendant's duty reasonably to inspect and repair does not. appear anywhere in the evidence; but, on the other hand, the fact plainly appears that if there was any inspection at all, the track was left unrepaired. The defect is sufficiently proved to have been there. It was one that reasonable diligence could have guarded against; but no diligence in that particular on the part of defendant appears. This lack of diligence caused plaintiff's injury. The performance of a reasonable duty enjoined on defendant would have prevented it.

This case is controlled by the well known principle that the master is liable for an injury to the servant resulting from the master's failure reasonably to inspect and keep safe an appliance with which the servant must work unless the servant himself failed to exercise due care. The loose and peculiarly laid rail on the movable section of the track was certainly an unsafe appliance. The master violated its duty when it knowingly used the appliance, or used it without reasonable care to know its condition.

Plaintiff was bound to observe the insecurity of the rail if it was reasonably observable to him. But he was not bound to inspect particularly and make sure of the condition of the rail.

If its unsafe condition was not known or visible to him as he pushed the truck, he had the right to rely on the duty of the master to keep it reasonably safe. There is no evidence in this case to charge plaintiff with contributory negligence in this particular.

It was not error to permit a copy of the writ to supply the place of the lost original. The evidence sufficiently establishes that the copy is a true one. Nor was it error to overrule the demurrer to the declaration. That pleading is good.

The plea of the statute of limitations of course was not sustained. There is no evidence showing that the injury occurred more than a year before the institution of this suit. The evidence undoubtedly proves the contrary.

The case was fairly submitted to the jury. An examination of the instructions given and refused convince us that no error was committed in regard to them.

Let the judgment be affirmed.

*Affirmed.*