# CHARLESTON.

## UNION STOPPER CO. *v.* WOOD.

Submitted January 15, 1909.   Decided December 14, 1909.

1. PLEADING—*Demurrer to Declaration—Grounds—Surplusage.*

    A count in *assumpsit*, upon a special contract, which contains averments of all matters that are essential to fix upon defendant the real liability arising from his breach thereof is sufficient upon demurrer, notwithstanding the count contains matters based upon an erroneous interpretation of defendant's liability under the contract which must be excluded as immaterial to a true stating of the case and as mere surplusage. (p. 461).

Error to Circuit Court, Monongalia County.

Action by the Union Stopper Company against Joseph M. Wood.  Judgment for defendant, and plaintiff brings error.

            *Reversed, Demurrer Overruled and Remanded.*

*Charles E. Hogg, James C. Fraser,* and *Lazzelle & Stewart,* for plaintiff in error.

*Louis D. Beall,* for defendant in error.

ROBINSON, JUDGE:

This case arises upon the same subscription contract that is involved in *Union Stopper Co.* v. *McGara,* decided at this term. The defendant, Wood, signed that writing and it is alleged he has not kept his contract thereby made, notwithstanding the full performance on the part of the other parties  The questions here are the same as were raised and disposed of in that case. The original and amended declarations in the two cases are virtually the same, except as to the name of the defendant.  In this case there is an additional special count, but its substance and effect are not different from the others.  And here the action of the court below that is complained of is the same— the original and amended special counts in *assumpsit* were dismissed upon demurrers.  The plaintiff dismissed its case as to the common counts and declined further to amend as to the special ones.

All that we said in the opinion in the *McGara Case* equally applies in the present one. The gist of it all is that the special counts are good and sufficient for the recovery of damages for a failure to convey the real estate undertaken and agreed to be conveyed by the contract of subscription. The surplusage must be excluded from consideration. Notwithstanding immaterial matters set forth, each of the special counts makes a case for damages for breach of the defendant's undertaking. That undertaking was to convey real estate of the value of five hundred dollars. It was none other. The undertaking of the defendant to convey, the performance of the plaintiff whereby that undertaking by defendant became binding on him, the failure of defendant to perform on his part, and the injury to plaintiff therefrom are sufficiently averred.

In this case and its companion, the *McGara Case,* the plaintiff has directed its whole argument in support of an erroneous proposition that it may recover as for an indebtedness. It undertakes to support the declarations only upon this view. A specific part of each count does declare upon this idea. We say that is surplusage. But we take it that the same line of argument was as persistently made in the court below as it has been made on writ of error, and that the attention of that learned court was therefore only directed to these declarations as averring in *indebitatus assumpsit.* They are clearly not maintainable upon that view. No doubt the circuit court dismissed them with only that view brought to its attention.

The judgment sustaining the demurrers to the original and amended special counts will be reversed, the demurrers overruled, and the case remanded for further proceedings.

*Reversed, Demurrer Overruled, and Remanded.*