# CHARLESTON

HALL *et al.* v. THE PHILADELPHIA COMPANY.

Submitted March 3, 1914.    Decided April 21, 1914.

1. ASSUMPSIT, ACTION OF—*Declaration—Sufficiency.*

   A declaration in assumpsit which avers a promise, a consideration therefor, and a breach thereof, entitling the plaintiff to damages, is sufficient on demurrer, though it contains matters of surplusage. (p. 173).

2. SAME—*Damages.*

   An action of assumpsit lies only where damages are sought for the breach of a contract express or implied, and therefore in principle calls for damages *ex contractu,* not *ex delicto.*    (p. 174).

3. SAME—*Damages—Wantonness.*

   Ordinarily in actions of assumpsit the plaintiff is limited in the ascertainment of damages to those arising directly from the breach of the contract, the willfulness or wantonness of the breach and other circumstances incidentally connected therewith having nothing to do with the case.    (p. 174).

4. GAS—*Breach of Contract—Damages.*

   On the trial of an action of assumpsit calling for damages by reason of the defendant's breach of a contract to furnish the plaintiff natural gas for light and heat in his dwelling, the plaintiff by evidence should afford a basis for ascertainment of reasonable compensation for the expense, loss of time, and other deprivations to which he was put by the breach.    (p. 175).

5. NEW TRIAL—*Excessive Damages—Remittitur.*

When unwarranted and excessive damages are found by the jury, it is error for the court to suggest and allow a remittitur as to part of the damages, when no data in the evidence afford a basis for the same, and thereupon to deny a new trial, thus substituting entirely its own discretion for the finding of a jury in the case.    (p. 176).

(LYNCH, JUDGE, absent.)

Error to Circuit Court, Harrison County.

Action by Fabius E. Hall and others against The Philadelphia Company.    Judgment for plaintiffs, and defendant brings error.

*Reversed and Remanded.*

*Davis, Swartz & Templeman,* for plaintiff in error.

*Charles G. Coffman,* for defendants in error.

ROBINSON, JUDGE:

The Philadelphia Company was under contract with Hall and his wife, by the terms of an usual oil and gas lease, to furnish them free gas for domestic use from a producing gas well drilled on their land under the lease.    By a connection which they had made with the well, the Halls were using the gas in their dwelling, depending on it for light and fuel. They were also burning the gas at one place outside the dwelling, to light the way to other buildings.    The company, claiming that the outside light was not domestic use, notified Hall and his wife to extinguish it.    Because they would not do so, the company, during zero weather in December, cut the connection at the well and left them wholly without light or heat in their dwelling for the period of thirty-six hours. Seeking damages in the premises, Hall and his wife prosecuted their action of assumpsit against the company, and the jury returned a verdict in their favor for five hundred dollars.    At the suggestion of the court, the plaintiffs in the action remitted one-half of the amount and took judgment for two hundred and fifty dollars.    The defendant company by this writ of error says the judgment is unfounded and should be reversed.

Plaintiffs chose for remedy in the premises the action of assumpsit.    They so denominated their action at the institu-

tion of the suit, and in their declaration they complain of defendant "of a plea of trespass on the case on promises." Defendant, however, submits that the declaration is not one on promises but one distinctly in tort, and that the demurrer thereto should have been sustained. Plaintiffs having sued in assumpsit, and attempted to declare therein, their declaration must be sufficient as one for that action. Is it such? The declaration is not artfully drawn as a declaration in assumpsit. It contains two counts, each of which pleads the cutting off of the gas as a wilful, wrongful, and malicious act. Yet we find that each count sufficiently avers a promise, the consideration therefor, and a breach thereof, entitling plaintiffs to damages in assumpsit. Much that is mere surplusage may be disregarded, and there remains a case in assumpsit. *Union Stopper Co.* v. *McGara*, 66 W. Va. 403; *Union Stopper Co.* v. *Wood*, 66 W. Va. 461. The demurrer was properly overruled.

"Assumpsit does not lie in any case except where damages are sought for the breach of a contract express or implied." Burks' Pleading and Practice, sec. 84. Now, from the form of action which plaintiffs elected and the averments of their declaration pertaining to that form, we observe that plaintiffs seek damages for a breach of the express contract to furnish them with gas. They ground their action on a breach of the contract, not on a general wrong for which they might have had redress. Their action in principle calls for damages *ex contractu*, not *ex delicto*. They therefore may recover such damages as directly arise from a breach of the contract—such as are the natural result of the breach. They may have damages for what was denied them of that which they were entitled to by the contract. In other words, they may have compensation only for the loss of their contract right. Clark on Contracts, 695; 2 Sedgwick on Damages, (9th ed.), sec. 609.

While it is true that plaintiffs' case was such that they might maintain an action either in assumpsit or in tort, yet it is not thereby true that they may recover the same character or amount of damages indifferently in either action. For, in actions for breach of contract punitive or exemplary damages are not ordinarily recoverable. Besides, the range of consideration in fixing the damages is more limited

than in tort. The distinction between damages in assumpsit and in tort is not always observed. It is plainly stated in a leading work: ''The inherent difference between à breach of an agreement between parties, and that sort of a breach of duty which we call a tort, is as old as the law itself. It is believed, too, that as a general rule the measure of damages in one case is necessarily different from the measure of damages in the other. To put the plaintiff in the same position as if the contract has not been broken is the object in cases of contract; whether the contract is broken by accident or by fraud can make no difference. As long as the action is brought to obtain compensation for the *loss of the contract,* the circumstances attending the breach cannot affect the result. But if the cause of action is a tort, the plaintiff must obtain full compensation for an *act* or *series of acts,* the full effect of which cannot even be understood unless we know every circumstance of aggravation and mitigation. The action for breach of promise of marriage is an undoubted exception to the truth of this general observation; but this action is an anomaly in every respect, and unknown to other systems of law. It may be said that redress should be given for bringing about a breach of contract through duress, or fraud, or other oppression, and so we conceive it would; but in such an action, the damages for the loss òf the contract would be one thing, and the damages for the wrong another.'' 2 Sedgwick on Damages, (9th ed.), sec 602. Thus we see that in this action of assumpsit plaintiffs are properly limited in the ascertainment of damages to those arising directly from the breach. The wilfulness or wantonness of the breach on the part of defendant and other circumstances incidentally connected therewith have nothing to do with the case. The sole question is, what is the pecuniary value of the contract right taken from plaintiffs. 2 Sedgwick on Damages, (9th ed.), secs. 601, 603; *Hurxthal* v. *Boom Co.,* 53 W. Va. 87, syl. 10.

It is not our purpose to enter into inquiry or speculation here as to what the loss of gas for light and fuel for the period of thirty-six hours in zero weather, when no substitute is obtainable in the time, is worth to a farmer and his family in the country. It suffices to say that in this case the question is one for a jury, upon evidence from which they may form a

judgment of the amount necessary to make plaintiffs whole as to the contract. Certainly it is not just any amount the jury may fix. Surely it is not five hundred dollars, as the jury found on the trial, when there was not a word of evidence on which to base such an amount. Plaintiffs in their evidence laid no basis for any such finding. Indeed they furnished no basis for any finding of reasonable pecuniary compensation for the expense, loss of time, and other deprivations to which they were put. The burden was on them to show data from which the pecuniary value of the contract right of which they were deprived could be ascertained. The court instructed the jury to find for inconvenience and personal suffering. There is proof of inconvenience, but none of loss therefrom; yet the latter, if it occurred, is measurable in a money way. There is no substantial proof of any personal suffering, even if the same is a proper subject for damages under the contract, as to which we need not decide. One of the plaintiffs says they went to bed. That indicates a loss of time, but not personal suffering by any means. Besides, there was no necessity for personal suffering. Entertainment could certainly be had in the neighborhood, for some price at least. A neighbor lived near. We can not conceive that plaintiffs under the circumstances proved, lost any such amount as five hundred dollars in thirty-six hours. Sentimentally our homes may be worth that much for such a length of time, but pecuniarily they may be substituted for much less. The finding was purely speculative. The actual damages for being without light and fuel in a home for thirty-six hours at any time of the year, we know in reason can not ordinarily reach such amount.

The trial court appreciated the excessiveness of the verdict, and compelled plaintiffs to remit. But there was absolutely no data on which a remittitur could be made. Under similar circumstances, this court held that "it is error in the court to allow the plaintiff to elect to take a less sum suggested by the court, when there are no data before the court, by which said smaller sum could be rightly and definitely ascertained, but which is fixed by the discretion of the court unaided by evidence." *Unfried* v. *Railroad* Co., 34 W. Va. 260. The case before us goes further, for the court unaided

by evidence substituted its judgment for a verdict found by a jury unaided by evidence. Even if there had been legal basis for the verdict, the court could not enter a remittitur without data in the evidence warranting the same. The court can not thus fix the amount of recovery merely by its own discretion. To allow it to do so, would supplant jury trial.

That plaintiffs are entitled to recover at least nominal damages is clear, since defendant admits cutting off the gas from the dwelling. They may recover such actual compensatory damages as they may be able to prove on a new trial. What plaintiffs might have recovered by an action in tort is a different thing, as we have seen.

The claim of right by plaintiffs to burn the outside light did not warrant defendant's act. If plaintiffs had no right to burn the outside light, defendant had remedy without breaching the contract.

The judgment will be reversed, the verdict set aside, and a new trial awarded.

*Reversed and Remanded.*