# CHARLESTON.

## LUTZ v. CITY OF CHARLESTON.

Submitted September 7, 1915.   Decided September 28, 1915.

1. MUNICIPAL CORPORATIONS—*Defective Sewers—Surface Water—Actions for Damages—Declaration.*

    The declaration in this case, undertaking to charge duty and breach of duty, and resulting damages to plaintiff from surface waters cast upon his property, is bad on demurrer, and does not state a cause of action against defendant.   (p. 658).

2. NEW TRIAL—*Hearing on Motion—Excessive Verdict—Remittitur.*

    Where, on motion for a new trial, the verdict against defendant is excessive, and the court has no accurate data before it, or findings of fact by the jury justifying it, it is reversible error to permit plaintiff, over defendant's objection, to enter a remittitur for a specific amount, and to give judgment against defendant for the residue.   (p. 660).

Error to Circuit Court, Kanawha County.

Action of Caleb Lutz against the City of Charleston. Judgment for plaintiff, and defendant brings error.

*Reversed, and new trial awarded.*

*Upshur Higginbotham, Alexander & McCabe, John A. Thayer, H. D. Rummell, Connor Hall, R. Kemp Morton,* and *George W. McClintic,* for plaintiff in error.

MILLER, JUDGE:

In an action of trespass on the case plaintiff probably undertook by his pleadings and proof to make a case against defendant for gathering up the surface waters and casting them in a body upon his lot at Virginia Street and Pennsylvania Avenue, and doing him the injury of which he complains.

On the trial below there was a verdict for plaintiff for sixteen hundred and forty-five dollars, which the defendant moved the court to set aside on the ground that it was contrary to the law and the evidence.

For more than a year the court had this motion under advisement, at the end of which period, the record shows, plaintiff appeared and by leave of the court, and over defendant's

objection, was permitted to "release, rebate and remit unto the defendant" four hundred and twenty-five dollars of the amount of said verdict, as being excessive, and on his motion, with like objection of defendant, the court on April 2, 1909, pronounced the judgment complained of, that the plaintiff recover of defendant the sum of twelve hundred and twenty dollars with interest from that date until paid, and costs.

The first point of error is that the court should have sustained defendant's demurrer to the declaration. It is very questionable whether a good cause of action is made by the pleading. The charge is that on and prior to January 1, 1907, when plaintiff acquired his lot, defendant had erected at the corner of said street, opposite said lot, a common catch basin and sewer attached thereto for the purpose of "collecting, gathering, receiving and carrying off of and away from said corner, street and avenue, all the surface water intended by said defendant to flow into said catch basin and on out of it through said sewer, from said corner, street and avenue into the river." It is further averred that all the citizens of said city, and particularly the abutting property owners on and along said street and avenue and at said corner had and have the right "by all of the ordinances, and statutes of said city, to have all the surface water falling or flowing on said street, and said avenue, and on and about said corner, carried, drained and run off and away from said street, avenue, and corner, into said catch basin and out down through said sewer into the river, or elsewhere away from said street, avenue and corner according to the purpose and plan for which said common and public catch basin and common and public sewer were" placed, constructed and maintained by defendant, without hindrance or obstruction to the flow of such surface water.

The declaration nowhere avers that in grading and improving said street and avenue, and in building said catch basin and sewer, defendant in any way changed the original grades or levels of said streets, or the lands surrounding plaintiff's property, and thereby gathered up the surface waters and caused more water to flow, or so as to cast the waters so gathered in a body on plaintiff's lot. Nor is it anywhere averred that it was the duty of defendant to construct, main-

tain and keep in repair and open any such catch basin or sewer to take care of such surface waters, to the relief of plaintiff's lot or the lots of other abutting owners on said streets.

But as for assigning breaches of duties of defendant and consequential damages to plaintiff and his property, it is further averred, that without his knowledge, or negligence on plaintiff's part, defendant wrongfully, injuriously and unlawfully allowed, suffered and permitted said catch basin and sewer to become and be and remain in bad order and out of repair, etc., and wholly too small, incapacitated and insufficient to answer the purposes for which they were intended, etc., whereby plaintiff ''was seriously wronged, injured and damaged by and as a result of the surface water, mud, muck and filth from off of both the said Virginia Street and the said Pennsylvania Avenue, all of which was intended by the defendant to pass through said basin and sewer, backing, over flowing into, cast in a body into, seeping through, running back into, filling up, flooding over, standing in and passing through and caused to flow in and out of said basement, and flooding back over the curbstone and sidewalk'', and causing the stone wall to be twice thrown down, etc.; and plaintiff lays his damages at $5,000.00.

We do not think this declaration, within the rules of good pleading, sufficiently charges any duty on defendant respecting the surface waters alleged to have done the damages to plaintiff's property.  Defendant is not required to build catch basins or sewers to carry away the surface waters falling on the streets and abutting property, unless by improvements made those waters were gathered up and made to flow in greater quantities to a particular place or point than they would otherwise have done, and in this case duty and breach of duty in respect thereto are not alleged.  The fact that the surface waters back-flowed upon plaintiff's lot, even in a body, in the manner alleged, does not make a case of negligence against defendant.  Unless because of some breach of duty these waters were collected there, in larger quantities than usual, and to be turned back upon plaintiff's property, defendant was guilty of no wrong.  It is not alleged that the sewer was other than a storm sewer, nor that plaintiff's lot

or cellar was in any way connected therewith, otherwise than by the surface of the streets and adjoining lands. The act of negligence with respect to surface waters, which according to our decisions will render a city liable in damages to an abutting owner, is when making improvements of its streets, alleys and public grounds it gathers up by drainage these waters and causes them to flow and be cast in a body upon adjoining property in larger quantities than otherwise would have flown there. Without this there is no negligence, or liability, for a municipality is not bound to take care of surface waters to the relief of property owners. *Jordan* v. *City of Benwood*, 42 W. Va. 312; *Clay* v. *City of St. Albans*, 43 W. Va. 539; *Kunst* v. *City of Grafton*, 67 W. Va. 20; *McHenry* v. *City of Parkersburg*, 66 W. Va. 533.

The only other point of error, calling for decision on this hearing, and presented by defendant's motion, overruled, to set aside the verdict and award it a new trial, is the excessiveness of the verdict, and in allowing plaintiff, over defendant's objection, to enter a remittitur for four hundred and twenty-five dollars, and in pronouncing a judgment on his motion against defendant for the balance. This was manifestly error calling for reversal. The verdict was clearly excessive, and had no substantial basis in the evidence of damages. By the remittitur entered, plaintiff conceded the excessiveness of the verdict. Moreover, the court had no data before it, or findings of fact by the jury, justifying its action. Without such data, and motion or consent of defendant, and remittitur by plaintiff, such practice constitutes reversible error. *Rodgers* v. *Bailey*, 68 W. Va. 186; *Bare* v. *Coal & Coke Co.*, 73 W. Va. 632; *Hall* v. *Philadelphia Co.*, 74 W. Va. 172, 81 S. E. 727.

For the errors aforesaid we reverse the judgment and award defendant a new trial.

*Reversed, and new trial awarded.*