# CHARLESTON.

WATTS v. OHIO VALLEY ELECTRIC RY. CO.

Submitted March 28, 1916.   Decided April 4, 1916.

1. MASTER AND SERVANT—*Injury to Servant—Declaration—Sufficiency.*

   In an action against an employer, subject to the Workmen's Compensation Act, for an injury received by one of his servants, the declaration is good, if its averments show the injury was the direct result of negligence on the part of some employe or officer, other than plaintiff; or resulted from the negligence of such other combined with his own.   (p. 145).

2. SAME—*Injury to Servant—Workmen's Compensation Act—Abolition of Defenses—Negligence.*

   Negligence is the basis of such action; and, if plaintiff's injury is due wholly to his own negligence, he can not recover.   But section 26 of the Act, makes the employer liable, not only for his own negligence, but also for the negligence of any of his officers, agents or other employes, and denies to him the common law defenses of contributory negligence, assumption of risk and negligence of a fellow servant.   (p. 148).

3. SAME—*Workmen's Compensation Act—Validity—Abolition of Defenses.*

   The Workmen's Compensation Act does not violate any of the employer's constitutional rights, by denying to him the aforesaid defenses.   (p. 147).

4. COMMERCE—*Interstate Commerce—Federal Employers' Liability Act.*

   An electric railway company which operates an urban car line, and also other lines connecting therewith and extending into another State, is both an intrastate and an interstate carrier.   But the Federal Employers' Liability Act does not apply in the case of injury

to a servant of such company, who is operating a street car, confined to the urban lines and not, at the time of injury, carrying interstate passengers or traffic. To make the federal act applicable, the injured servant must be engaged in interstate commerce at the time of injury. (p. 146).

5. NEW TRIAL—*Verdict—Motion to Set Aside—Compulsory Remittittur.*

In an action for personal injury, where the jury has returned a verdict for plaintiff, and defendant has moved to set it aside on the ground that the damages assessed are excessive, it is reversible error to compel plaintiff to remit a portion of the damages on pain of having the verdict set aside, and to enter judgment for the balance. (p. 149).

Error to Circuit Court, Cabell County.

Action under the Workmen's Compensation Act by Willard Watts against the Ohio Valley Electric Railway Company. Judgment for plaintiff, and defendant brings error.

*Reversed, and new trial awarded.*

*Vinson & Thompson,* for plaintiff in error.

*Marcum & Shepherd* and *J. W. Perry,* for defendant in error.

WILLIAMS, PRESIDENT:

Plaintiff, a motorman on one of defendant's cars in the city of Huntington, was injured on the night of June 11, 1914, by colliding with another car being operated by another motorman on the same line. In an action for damages he recovered a judgment against defendant for $3,000, and it seeks reversal on writ of error.

The overruling of defendant's demurrer to the declaration is the first assignment of error. Counsel insist that the declaration does not allege a cause of action against defendant; that it fails to aver that it has not provided reasonably safe and suitable machinery and appliances with which to carry on its business, or that it had not selected careful, skilled and experienced servants, or had not adopted proper and necessary rules for the conduct of its operations. Defendant owns and operates, by means of electric power, car lines in the city of

Huntington, and an interurban line between said city and the city of Ashland, Kentucky; and is, consequently, one of the class of employers subject to the Workmen's Compensation Act. Ch. 15P, Code 1913. Defendant did not elect to pay into the compensation fund, provided by that act, as it might have done. And section 26 of the Act provides that an employer shall be liable to his employes for damages suffered by reason of personal injuries sustained in the course of employment, caused by the "wrongful act, neglect or default of the employer, or any of the employer's officers, agents or employes." It was, therefore, not necessary, as it was at the common law, to aver the master's negligence as the proximate cause of injury. Sec. 26 of the Act denies to an employer, who has not contributed to the compensation fund, the common law defenses of assumption of risk, contributory negligence, and negligence of a fellow servant; also the defense that the negligence in question was that of some one whose duties are prescribed by statute. The declaration properly avers negligence, and the nature of the negligent act averred discloses that it was committed by some agent, officer or servant of defendant, for which the statute makes defendant liable. It avers that plaintiff was injured by defendant's negligently running one of its cars, causing it to collide with his. Defendant being a corporation, we know it operates cars only by its servants; we also know such servants are the fellow servants of plaintiff; and, therefore, we see that the declaration avers defendant's liability.

Defendant moved to dismiss the action, on the ground that it is an interstate carrier, and hence the action was improperly brought under the State law, and should have been brought under the Federal Employers' Liability Act. The motion was overruled, and this is defendant's second assignment. Defendant was both an interstate and an intrastate carrier; it operated some of its cars wholly within the city of Huntington, and operated others between Huntington and Ashland, Kentucky. A part of its tracks in Huntington was used by both classes of cars. The cars that caused plaintiff's injury were operated on the Sixth and Eighth avenues line, wholly within the city, between 9th and 26th streets, East. By the

rules of defendant company, a passenger on either of those cars, going westward, who desired to go further than the end of that line, was given a transfer which entitled him, without additional fare, to ride on a Huntington and Ashland car, as far west as Camden Park, West Virginia; and, by the payment of additional fares, after reaching that point, he could continue on the same car to Ashland. Defendant is an interstate, as well as an intrastate carrier; and, in certain cases, is liable under the federal act for injury to an employe. But that act does not apply, unless the injured servant and the carrier are both, at the time of the injury, engaged in interstate traffic. See Federal Employers' Liability Act; *Pederson* v. *Delaware &c. R. Co.*, 229 U. S. 146; *Easter* v. *N. & W. Ry. Co.*, 76 W. Va. 383, 86 S. E. 37; and Richey on Federal Employers Liability, 67, and numerous cases cited in note. The car on which plaintiff was motorman was operated wholly within the city limits of Huntington, and, at the time of the collision, was carrying no passengers. Hence it was not, in any sense, then engaged in interstate commerce.

The giving of plaintiff's instruction and the refusal to give one asked for by defendant are assigned as error. Plaintiff's instruction submitted to the jury all the controverted, material facts, and correctly informed them of the law as contained in sec. 26 of the Workmen's Compensation Act, and was, therefore, proper. Defendant's instruction was peremptory, telling the jury to find a verdict in its favor, and was properly refused.

The constitutionality of the act is assailed on the ground that it takes from defendant its common laws defenses. *Ives* v. *South Buffalo Ry. Co.*, 201 N. Y. 271, is the only case cited to support this proposition. The New York act, held in that case to be unconstitutional, was different, in a material respect, from the acts subsequently passed by many of the other states, including this State, in that it was compulsory on the employer, whereas the acts of other states are elective. These acts have been upheld, as constitutional, by the highest courts of numerous states. 1 Bradbury on Workmen's Compensation Law, p. 11, and cases cited. The Federal Employers' Liability Act, denying to an interstate carrier the same com-

mon law defenses that are denied by our act, was held, in *Mondou* v. *New York &c. R. R. Co.*, 223 U. S. 1, to violate no constitutional right. The court there reannounced the doctrine, asserted by it in *Munn* v. *Illinois*, 84 U. S., at page 134, as follows: ''A person has no property, no vested interest, in any rule of the common law. That is only one of the forms of municipal law, and is no more sacred than any other. Rights of property which have been created by the common law can not be taken away without due process; but the law itself, as a rule of conduct, may be changed at the will, or even at the whim, of the Legislature, unless prevented by constitutional limitations. Indeed, the great office of statutes is to remedy defects in the common law as they are developed, and to adapt it to the changes of time and circumstances.'' In *DeFrancisco* v. *Piney Mining Co.*, 76 W. Va. 756, 86 S. E. 777, we held section 26 of the Workmen's Compensation Act, denying to an employer, who fails to take the benefit of the act, the common law defenses of assumption of risk, contributory negligence and negligence of a fellow servant, to be constitutional. We still adhere to the opinion there expressed.

It is insisted that the injury was caused solely by the wilful and reckless negligence of plaintiff himself. If it was, of course he can not recover. There must be actionable negligence. The wrongful act, neglect or default of defendant, or of some one of its officers, agents or employes, is essential; it is the basis of the action. Sec. 26, ch. 15P, ser. sec. 682, Code 1913. There is no proof that defendant itself was negligent in any respect, or that it omitted to perform any duty it owed plaintiff. But there is evidence that the motorman, operating the eastbound car, at the time of the collision, was negligent, and although there is evidence tending to show plaintiff was also negligent, and that his negligence contributed to his own hurt; still, that does not defeat his right, because, in cases coming under the Workmen's Compensation Act, the defense of contributory negligence is abolished. Plaintiff and Martin, his fellow motorman, under defendant's rules, were required to leave the opposite termini of the Sixth and Eighth avenues line at the same time, and pass at a switch on Sixteenth Street, about the middle of the line,

where it crossed over from one of said avenues to the other, and they usually did so, the one first to arrive waiting for the other. But, two or three days before the accident, they agreed between themselves, with the knowledge and acquiescence of defendant's superintendent of transportation, that, on the last trip, which was made about midnight, they would pass near the western terminus, at a loop, connecting with the line on Sixth Avenue at the intersection of Tenth Street. This arrangement was made to enable plaintiff to get off duty a few minutes earlier than he otherwise could, he usually having to wait, at the Sixteenth Street switch, several minutes for the arrival of the eastbound car, on account of its traffic on that trip being heavy and plaintiff's light. The plan required Martin to start a few minutes behind schedule time, or to wait a few minutes below Tenth Street until plaintiff had come down Sixth Avenue and passed over to Tenth Street. The arrangement worked successfully on two or three previous nights, and was perfectly safe, so long as the two motormen observed it. But on the night of the accident, motorman Martin says he forgot the agreement, and passed on up Sixth Avenue, beyond Tenth Street, and was proceeding up the avenue when the collision occurred between Tenth and Eleventh streets. Each motorman swears he did not see the other's car until they were so near together that the collision was unavoidable, although they both swear they did all they could to prevent it. The evidence justifies the verdict, on the ground of negligence of a fellow servant, either as the sole, proximate cause, or as a contributing cause; and, in either event, defendant is liable under the statute.

The jury assessed plaintiff's damages at $5,000; and, on defendant's motion to set it aside as excessive, the court put plaintiff to his election, either to remit $2,000 of the amount, or have the verdict set aside. Plaintiff thereupon remitted that amount, and the court entered judgment for the balance, $3,000, and defendant excepted, and assigns this action of the court as error. According to a number of our previous decisions, some of them very recent, this was reversible error. In such cases as this, the ascertainment of the quantum of damages is largely within the discretion of the jury, and the

court can not substitute its judgment, in that matter, for the judgment of the jury. There is an exception to this rule, in actions growing out of contract, or in which there is some data, whereby the court can ascertain the exact amount of excess. But the present case is not within the exception. The rule is discussed and decided in the cases presently to be cited, and it is only necessary, in this opinion, to cite them; further discussion of it is not necessary. In *Ohio River R. R. Co.* v. *Blake,* 38 W. Va., at page 724, Judge BRANNON expresses doubt concerning the propriety of the rule, saying it is against the weight of authority, especially the modern decisions, and he cites numerous cases, holding that the court can thus compel a plaintiff to remit a portion of his damages when determined by it to be excessive. If the point were one of first impression, I would be inclined to hold with Judge BRANNON. But, in view of the many decisions by this court, following the rule, I feel bound by them. *Vinol* v. *Core,* 18 W. Va. 1; *Unfried* v. *B. & O. R. R. Co.,* 34 W. Va. 260; *Hall* v. *The Philadelphia Co.,* 74 W. Va. 172; and *Lutz* v. *City of Charleston,* 76 W. Va. 657, 86 S. E. 561. Because of this error, the judgment will be reversed, the verdict set aside and a new trial awarded.

*Reversed, and new trial awarded.*