# CHARLESTON.

DAN PROWSE v. OWEN'S BOTTLE COMPANY

Submitted November 6, 1923.   Decided November 27, 1923

MASTER AND SERVANT—*Employer, not Subscriber, Liable for Injuries Due to Negligence of Fellow Servant.*        ¯

An employer who is not a subscriber to the Workmen's

Compensation Fund is liable for injury to his servant occasioned by the negligence of a fellow servant.

Error to Circuit Court, Kanawha County.

Action by Dan Prowse against the Owen's Bottle Company. Judgment for defendant, and plaintiff brings error.

*Reversed and remanded.*

*J. Howard Hundley,* for plaintiff in error.

*McWhorter & Carney, and Sam Silverstein,* for defendant in error.

LITZ, JUDGE:

Plaintiff complains of the action of the circuit court of Kanawha county in directing a verdict for the defendant and entering judgment of *nil capiat* thereon against the plaintiff, in an action of trespass on the case for damages on account of personal injury sustained by him while in defendant's employ, due to alleged negligence of a fellow servant; the defendant then being a non-subscriber to the workmen's compensation fund.

The declaration charges that at the time of the injury the defendant was engaged in drilling a gas well on Lens creek, Kanawha county, in which work the plaintiff was employed by the defendant as tool dresser and helper to the driller; that while the plaintiff was thus engaged in the discharge of his duties as servant of defendant, directing the drill into the casing of the well, the driller negligently released the rope to which the drill was attached, whereby the jars or links connecting the stem and tool of the drill were caused to close in such a manner as seriously to injure and mash the middle finger of plaintiff's right hand; that the defendant was not, at that time, a subscriber to the workmen's compensation fund of this State.

It was agreed upon the trial that the defendant was not a subscriber to the workmen's compensation fund when the accident occurred. The only evidence was the testimony of plaintiff, which, though lacking in clearness, indicates that while employed by the defendant, as tool dresser and helper to the driller, in the drilling of a gas well on Lens creek,

Kanawha county, May 11th, 1922, he undertook as part of his duties to direct the drill into the casing of the well, and in doing so it caught on top of the casing; and that when he endeavored to remove the drill by taking hold of it with his hands the driller negligently released the rope by which it was suspended so that the jars or links connecting the stem and tool of the drill slipped or closed together on the middle finger of plaintiff's left hand, crushing the nail and end.

The drill was being lowered by the rope which seems to have been attached to a drum and operated over a pulley, the drum being controlled by a lever in the hands of the driller. Plaintiff contends that the driller was in a position to see and should not have further released the rope when the drill caught until the latter had been removed from the casing.

An employer who is not a subscriber to the workmen's compensation fund is liable for injury to his servant occasioned by the negligence of a fellow servant. Section 26, Chapter 15-P Code (Barnes' 1923); *Watts* v. *Ohio Valley Electric Co.,* 78 W. Va., 144.

As already stated the evidence is not very clear; and especially is this so concerning the manner in which the injury was sustained; but we think it was, nevertheless, sufficient to go to the jury, as tending to show negligence by the driller, a fellow servant. It appears from the evidence that the upper jar or link, by reason of its own weight and that of the stem, to which it is appended, would cause it to drop forcibly within the lower jar or link which had become stationary on top of the casing, if the brake were suddenly released, as claimed by plaintiff.

We, therefore, reverse the judgment of the circuit court, set aside the verdict and award the defendant a new trial.

*Reversed and remanded.*