# CHARLESTON.

VIRGINIA HOGE, *Admx. etc. v.* HAROLD M. WARD

(No. 5972)

Submitted October 11, 1927.   Decided October 18, 1927.

VENDOR AND PURCHASER—*Declaration Wherein Transferee of Vendor's Lien Notes Sought Damages of Payee Releasing Lien Held Defective, As Not Showing Recovery From Maker Impossible.*

A promissory note secured by a vendor's lien on real estate is transferred by the payee to the plaintiff's intestate without recourse and thereafter without consent of the holder of the note the payee released the vendor's lien. The declaration in an action of damages by the holder of the note against the payee for the alleged wrongful release of the vendor's lien is demurrable if it fails to set forth facts showing that a recovery could not be had against the maker.

(Vendor and Purchaser, 39 Cyc. p. 1813.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Kanawha County.

Action of assumpsit by Virginia Hoge, administratrix, against Harold M. Ward, for damages for releasing vendor's

lien securing a note sold to plaintiff's intestate, begun in
court of criminal pleas. Judgment sustaining a judgment
against defendant, and he brings error.

*Reversed and remanded.*

*R. N. Stephens, Jr., R. E. McCabe, R. Kemp Morton* and
*H. L. Snyder, Jr.,* for plaintiff in error.

*Beverley Broun* and *A. J. Barnhart,* for defendant in error.

WOODS, JUDGE:

Harold M. Ward seeks a reversal of a judgment of the
circuit court of Kanawha County sustaining the action of
the court of common pleas in entering judgment on a verdict
against him. Several years ago Ward sold a certain lot,
taking in part payment from his grantees their three joint
negotiable promissory notes, payable in one, two and three
years after date, and retaining a vendor's lien to secure the
same. Sometime after the second note of said series had be-
come due, Ward transferred the same to plaintiff's decedent,
and later released his vendor's lien. The lot has now passed
into the hands of a third party. Plaintiff instituted this ac-
tion in assumpsit to recover certain specific damages (the re-
mainder due on the note held by her) alleged to have been
suffered because of the breach of an alleged implied covenant
containd in the written assignment whereby Ward assigned
said note without recourse to her decedent. Ward contends
that the declaration did not allege facts sufficient to support
the damages claimed by the plaintiff.

A declaration in assumpsit which avers an undertaking on
behalf of the defendant and a legal consideration therefor, a
breach in failing to keep the undertaking, and an injury to
the plaintiff therefrom, is generally sufficient. *Hall* v. *Phila-
delphia Co.,* 74 W. Va. 172; *Union Stopper Co.* v. *McGara,*
66 W. Va. 403. The declaration under consideration, after
alleging an implied warranty on behalf of the defendant to
the effect that he would not release his vendor's lien securing
the payment of the note, and setting up the fact that he did
thereafter execute a release, ends with a statement to the

effect that the plaintiff is damaged thereby to the extent of the remainder due on the note held by her, plus interest. But is this latter allegation based on proper facts? Although attempting to waive the tort and recover for damages for breach of an implied contract, plaintiff must show wherein she has sustained legal damages. The makers of the notes have not been proceeded against. So far as plaintiff is concerned, the original makers are still able to pay the note, if demand is made. At least, there is no averment to the contrary in the declaration. The fact that they transferred the property to Moore, Trustee, who agreed to assume the payment of the note, does not relieve them of their liability as makers as between third parties. No request or demand of any kind was made of them for payment. They might have been standing ready and willing to pay. While a portion of the security may be beyond plaintiff's control, yet she has not shown that she needs such security to protect her interests. The demurrer to the declaration should have been sustained. The judgment of the circuit court is therefore reversed and the case remanded with leave to the plaintiff to amend her declaration, if she be so advised.

*Reversed and remanded.*