# CHARLESTON.

Pete Louis v. Smith-McCormick Construction Co.

Submitted March 20, 1917.    Decided April 3, 1917.

1. Master and Servant—*Workmen's Compensation Act—Declaration—Form of Action.*

   A declaration claiming damages for an injury to a servant, alleged to have been occasioned by the negligence of the master, and stating facts showing the employer belonged to the class of persons, firms and corporations contemplated by ch. 10, Acts, 1913, known as the Workmen's Compensation Fund Act, purports to set forth a cause of action arising under said statute, notwithstanding the lack of an allegation specifically invoking it. (p. 160).

2. Same—*Workmen's Compensation—Declaration.*

   To make out a cause of action under said statute, the declaration must allege entire failure of the employer to take the benefit of the statute, or failure to comply with one or more of the conditions with which he is required to comply in order to obtain the benefit thereof. (p. 162).

3. SAME—*Personal Injury—Liability—Assumption of Risk.*

Though a master fails to take the benefit of said statute, he is not liable for an injury incurred by a servant in the course of his employment, in the absence of negligence on the part of the former. The servant assumes the risks incident to his employment, other than those occasioned by the master's negligence, notwithstanding the statute abolishes the common law defense of assumption of risk, in such cases. (p. 162).

4. SAME—*Workmen's Compensation Act—Declaration—Negligence.*

A declaration alleging injury to a servant, in an employment contemplated by said statute, by means of an unguarded hole in a high platform, within six inches of which it was necessary for him to go in the discharge of his duties on such platform, and, further, that the injury was caused by negligence and omission of duty on the part of the master, sufficiently charges negligence, although the hole is shown to have been a useful part of the structure or plant and its existence well known to the servant. (p. 164).

5. PLEADING—*Allegations of Fact.*

An allegation that an act which may have been done either with or without negligence, according to the circumstances to be revealed by the evidence, was done negligently, is one of fact. (p. 164).

Error to Circuit Court, Morgan County.

Action by Pete Louis against the Smith-McCormick Construction Company. Judgment for defendant on sustaining the demurrer to the petition, and plaintiff brings error.

*Reversed, demurrer overruled, remanded.*

*W. H. Griffith* and *Allen B. Noll,* for plaintiff in error.

*Brown & Brown* and *Steptoe & Johnson,* for defendant in error.

POFFENBARGER, JUDGE:

This writ of error brings up for review the trial court's rulings upon the legal sufficiency of an original and an amended declaration for damages for a personal injury, sustained by an employee, demurrers to both having been sustained and the action dismissed.

A threshold inquiry is the character of the liability the pleadings in question seek to enforce. A declaration for

common law liability differs in its requirements from one for a statutory liability. The enactment of the Workmen's Compensation Act applicable only to certain classes of employers, subjects them to liability for personal injuries to employees negligently inflicted, on principles radically different from the common law principles governing such liability. It expressly bars the common law defenses known as fellow servantcy, assumption of risk and contributory negligence. All employers except those falling within the scope of that statute may still rely upon such defenses.

Practically, if not quite, all persons, firms and corporations employing labor in industrial enterprises are subject to the operation of the act, and, though the declaration does not specifically invoke its terms or protection, it discloses a status or relation which brings the parties within its terms and provisions. Both the original and amended declarations say the defendant was, at the time of the alleged injury, a corporation engaged in construction work for the Baltimore and Ohio Railroad Company in this state, consisting of improvement of its roadbed in respect of width and alignment, in the County of Morgan and elsewhere, and was using in the prosecution of the work, a platform 33 feet wide and 28½ feet high, under which the trains passed and on which there were two hoisting engines and two derricks, and that, while the plaintiff was employed by the defendant and working on said platform, he fell through an open space of considerable dimensions, in the platform, made for the purpose of enabling the operator of one of the derricks to see when the concrete buckets reached the proper places for dumping, and so located that it was necessary for the plaintiff to pass it frequently in discharging his duties. The injury complained of occurred in May, 1914, while the Workmen's Compensation Fund Act of 1913, ch. 10, Acts of 1913, was in effect. Sec. 9 of that act embraced "All persons, firms and corporations regularly employing other persons for profit, or for the purpose of carrying on any form of industry in the State of West Virginia," and all forms of industrial service except domestic and agricultural. The business set forth in the declaration is not one of those

excepted, wherefore it must be within the requirements of the act, one of which is that a person, firm or corporation regularly employing other persons therein must either contribute to the compensation fund and give notice of the fact, or lose the advantages of the common law defenses hereinbefore mentioned. Neither declaration charges regular employment in terms, but the facts averred clearly indicate it. Both say the defendant was engaged in the work described, under a contract with the railroad company therefor, ''in and through said Morgan County and elsewhere.'' Regular employment of servants is a necessary element or factor in the prosecution of such work, and the plaintiff's employment ''to wash and clean the boilers to the engines which run the Hoisters or Derricks on said Traveler'' is averred.

Invocation of the statute in terms is not necessary. Allegation of a state of facts making it applicable suffices. It has been very logically and properly. so held by the federal Supreme Court in its application of the Federal Employers' Liability Act. *Missouri, K. & T. R. Co.* v. *Wulf*, 226 U. S. 570. The court's judicial knowledge of the statute dispenses with necessity of allegation thereof. *Findley* v. *Railway Co.*, 76 W. Va. 747, 87 S. E. 198.

To make the defendant liable under the statute, however, it was necessary to aver non-compliance with the requirements thereof, and, as to this, the original declaration was silent, but the amended one charges that the defendant had not, at the time of the injury, complied .therewith ''by posting notices in conspicuous places as therein required and that said plaintiff was without notice personal or otherwise of the election of the defendant to pay the premium to said account as required.'' While the averment might have been better in point of form, it manifestly apprised the defendant of the particular in which the plaintiff claims there was failure to comply with the act, wherefore it is sufficiently certain under the rule of pleading. For omission of averment of non-compliance, the original declaration is deficient, but this defect was supplied in the amended pleading.

Non-compliance with the statute does ·not impose liability in the absence of negligence on the part of the employer.

It provides indemnity for accidental injury, when the employer and employee have placed themselves within the provisions thereof creating it, but not otherwise. Non-compliance leaves the former subject to liability for injury to the latter by common law negligence and denies him the benefit of certain common law defences. Abolition of the doctrine of assumption of risk does not impose liability without negligence on the part of the master. It merely forbids application of a principle of waiver, based on the servant's continuance in service, with knowledge of an act of negligence rendering his service dangerous. *De Francesco* v. *Piney Mining Co.*, 76 W. Va. 756. It is necessary, therefore, to determine whether the amended declaration alleges negligence on the part of the defendant.

Upon the inquiry thus raised, references to the familiar doctrines of assumption of risk, contributory negligence and negligence of fellow servants, are excluded. In the decided cases, their application is often made without any clear delineation of the line between negligence, omission of duty on the part of the master, and the servant's assumption of risk of injury therefrom, based on his knowledge. On the appearance of both, the courts often deny right of recovery, without expression of opinion as to the exact ground of the decision. The following cases illustrate the procedure: *Priddy* v. *Coal Co.*, 64 W. Va. 242; *Kupp* v. *Rummel*, 199 Pa. St. 90; *Harvesting Machine Co.* v. *Burandt*, 136 Ill., 170. Few, if any, decisions will be found, in which the courts have denied duty on the part of a master to guard an opening in a floor or platform, maintained or permitted in such close proximity to a servant's place of work, or a passage way he is bound to use in the discharge of his duties, that he may inadvertently step or fall into it, while his attention is absorbed in his work, when it is reasonably practicable to guard it. Slipping and stumbling are trifling accidents of such common occurrence that they must necessarily be regarded as subjects of common knowledge. Ordinarily, they do not seriously injure any one, but, happening at the edge of an unguarded hole or trap door in a floor, such a thing is often fatal. Nothing is more common and well known

than a faithful servant's mental absorption in his work to such an extent as to render him, at times, partially oblivous to his surroundings. A danger that must be kept constantly in mind necessitates a division of the attention of the servant between his work and the danger, and it is obviously difficult to maintain at all times. *King* v. *Ford River Lumber Co.,* 93 Mich. 172; Labatt, Master & Serv., sec. 975. A master owes his servant the legal duty of reasonable diligence and effort to provide him a reasonably safe place for his work. · The courts have often declared it to be the province of a jury to say whether the danger of such an environment as the one under discussion is so obvious that the master, a person of ordinary prudence and foresight, should have anticipated it and, having the power to do so, adopted reasonable means of prevention of the probable injury. *Paving Co.* v. *Austin,* 108 C. C. A. 365; *Nyback* v. *Lumber Co.,* 48 C. C. A. 632; *Hess* v. *Rosenthal Adm'r.,* 160 Ill. 621; *Irmer* v. *Brewing Co.,* 69 Mo. App. 17; *Musick* v. *Packing Co.,* 58 Mo. App. 322; *Reichla* v. *Gruensfelder,* 52 Mo. App. 43. These decisions and many others proceed upon the well settled proposition that negligence is often a mixed question of law and fact, largely dependent upon circumstances admissible in evidence without previous specification thereof in the pleadings. "Reasonable care and negligence are relative terms and depend upon the circumstances and exigencies of the particular case." *Morrison* v. *Appalachian Power Co.,* 75 W. Va. 608, 612; *Prok* v. *Railway Co.,* 75 W. Va. 697.

The amended declaration avers the existence of the open and unguarded hole in the platform, obligation and duty on the part of the plaintiff to go within six inches thereof, in the discharge of his duties, lack of care and prudence on the part of the defendant in maintaining the same under the circumstances, omission of its duty to furnish him a reasonably safe place in which to work and the necessary causal connection between the alleged omission of duty and the injury sustained. Some of these allegations may not be sustained by the evidence. Under peculiar circumstances the evidence may disclose, there may have been no such

duty as that alleged, but the rules of pleading do not require a statement of the evidence in such detail and with such accuracy as to enable the court to determine whether there is or is not liability, as a matter of final adjudication, in passing upon the demurrer. It need not be stated at all, and it would be improper to state it. It suffices, after allegation of the relation of the parties and the duty of the defendant, to set forth the primary act or omission of the defendant, causing the injury, say it was done or omitted negligently and then aver the injury and resultant damages. *Bralley* v. *Railway Co.*, 66 W. Va. 462; *Snyder* v. *Electrical Co.*, 43 W. Va. 661. An allegation that an act which may have been done either with or without negligence, according to the circumstances to be revealed by the evidence, was done negligently, is an allegation of fact. *Bralley* v. *Railway Co.*, cited.

Being of the opinion that the amended declaration is sufficient and that the court erred in sustaining the demurrer thereto, we will reverse the judgment, overrule the demurrer and remand the case.

*Reversed, demurrer overruled, remanded.*