# CHARLESTON.

WILLIAM S. WILKIN, ADM'R. v. H. KOPPERS COMPANY.

Submitted September 9, 1919.   Decided September 16, 1919.

1. MASTER AND SERVANT—*Master not Liable When His Negligence not Proximate Cause.*

    Though an employer within the terms of the Workmen's Compensation Act fails to avail himself of the benefit of the statute, he is not liable for an injury sustained by an employee in the course of his employment in the absence of negligence on the part of the former which is the proximate cause of the injury. (p. 461).

2. SAME—*Master Must Furnish Safe Access to Place of Work.*

    It is the duty of the employer to provide for his employees a reasonably safe place in which to work, and reasonably safe and convenient means of access to the premises and to the places thereon assigned for work.   (p. 462).

3. SAME—*Access to Place of Work—Master not Liable for Dangerous Access Beyond His Control.*

    But the scope of this duty generally is limited to the premises owned or controlled by the employer, and does not extend to a place beyond them, unless brought within the scope of employment by an express or implied provision in the contract of employment for its use by the employee in going to and returning from his work.   (p. 462).

4. SAME—*When Duty as to Access Reasonably Complied With.*

    Where the only means of ingress to and egress from the place of employment is across a series of railroad tracks adjoining it, but under separate ownership and control, and there is provided for the use of the employees a public crossing, properly guarded, leading to the premises of the employer and reasonably convenient thereto, the duty of the employer to provide reasonably suitable means of access has been sufficiently complied with, so far as concerns points beyond the boundaries of his premises.   (p. 464).

5. SAME—*When Servant Selects Dangerous Route, Master not Liable.*

    An employee, who for his own personal convenience wilfully disregards such public crossing, and elects to take a shorter route over the railroad tracks, more direct but fraught with more danger than the public crossing, does so at his peril, and, if killed while

thereon, no liability therefor attaches to the employer, though other employees daily follow the same way with the knowledge and consent of the employer. (p. 464).

Error to Circuit Court, Brooke County.

Action by William S. Wilkin, administrator, against the H. Koppers Company. Verdict and judgment for plaintiff, and defendant brings error.

*Reversed and remanded.*

*Jno. J. P. O'Brien* and *Leo A. Coleman,* for plaintiff in error.

*R. L. Ramsay,* and *W. S. Wilkin,* for defendant in error.

LYNCH, JUDGE:

John Tsouvalakis, plaintiff's intestate and an employee of the defendant, was killed accidentally while on his way to and about to enter upon the premises on which he was engaged to work, then only in the temporary control of the defendant, who had and exercised no right to control the operation of the railroad. The railroad right of way and tracks and the premises so controlled by defendant were not subject to joint ownership or control but were held under different titles, though the properties lay immediately adjacent to each other. To the place of employment but two ways of approach, about half a block apart, were used by defendant's employees, and in using either of the two they were obliged to cross three tracks of the railroad company. One was a public crossing; the other a short cut used by many of its employees, with its knowledge and acquiescence, who for their own convenience preferred to cross the tracks at that point. It was this second route that the deceased took as he was approaching the plant for work on the night shift. Each of the two outside tracks was occupied by idle freight cars on the evening of the accident, and decedent either undertook to crawl under or pass between the cars on the bumpers and then onto the middle track where he was struck by the train and killed.

Liability for decedent's death, as averred in the declaration

and argued by counsel, rests solely upon the breach of the common law duty requiring the master to provide for his servants a reasonably safe place in which to work and reasonably safe means of access thereto, without the benefit of the usual common law defenses. They are not available because defendant, though clearly within the terms of the act, failed to elect to pay into the workmen's compensation fund the premiums provided by law to entitle him to its benefits. But even under those circumstances plaintiff's intestate cannot lawfully be entitled to the benefit of a recovery unless death resulted from some negligent act or omission to act which at common law required the master to respond in damages. For no such liability can arise except from the wrongful act, neglect or default of the employer or any of his officers, agents or employees. Section 26, ch. 15-P, Code; *Watts* v. *Ohio Valley Electric Ry. Co.*, 78 W. Va. 144; *Louis* v. *Smith-McCormick Construction Co.*, 80 W. Va. 159.

The duties of a master towards his servants while upon his own premises or premises under his control are established by abundant authority. According to them he is bound to exercise due diligence in furnishing them with a reasonably safe place and safe appliances in and with which to work, and reasonably safe means of access to the place assigned them to work, and exits therefrom while in his employ on his premises, including, according to *Jones* v. *Railroad Co.*, 74 W. Va. 666, a reasonable time and opportunity to depart therefrom. Violation of none of these duties is charged or proved against defendant. Decisions dealing with breaches of duties committed elsewhere than on the premises owned or controlled by the master include only those secured to the employee by virtue of some provision of his contract of employment, so far as we have been able to discover.

Outside of decisions under Compensation Acts the cases are few which discuss the extent of the duty of the employer to provide, beyond the limits of his own possession or control, safe means of ingress and egress to and from his premises for the convenience and safety of his employees. This lack of authority may be accounted for to some extent

by the fact that Workmen's Compensation Acts have largely supplanted the common law dealing with employers' liability. The test under these acts now is, Did the injury arise out of and in the course of the employment? It would seem, however, that decisions under such statutes treating of situations analogous to the one now considered, where the plaintiff was injured while off the premises and on his way either to or from work, would properly serve as authority illustrative of the scope of the duty owed in this case. It is safe to say that wherever at common law the duty existed to provide proper means of access to the property for the employees, an employee injured in such a situation would be held under the compensation acts to be within the scope of his employment. The converse, however, is not true, for these acts have been given a broader scope and meaning, permitting an employee to recover compensation he could not have recovered under common law principles. Hence whenever an authority is found denying a right to compensation on the ground that the injury sustained by the employee while on his way to or from work was beyond the course of his employment, it is safe to say that the same court would under similar circumstances hold that there had been no violation of the general duty to provide a reasonably safe and convenient means of access to the premises. And there is this further reason for considering decisions under compensation acts as authority in this case. Section 26, ch. 15-P, Code, provides that employers subject to the act who have not paid into the compensation fund the premiums provided by the acts shall be liable to their employees for damages suffered by reason of personal injuries "sustained in the course of employment." Under this section, therefore, the right to recover for personal injuries caused by the wrongful act, neglect or default of the employer is subject to the same test as the right to compensation where the employer had complied with the provisions of the act.

In *De Constantin* v. *Public Service Commission*, 75 W. Va. 32, a case arising under our compensation act, a rule is laid down which we think is applicable to the case before us. The second point of the syllabus is: ''An injury incurred by

a workman, in the course of his travel to his place of work
and not on the premises of the employer, does not give
right to participation in such funds, unless the place of
injury was brought within the scope of employment by
an express or implied requirement in the contract of employ-
ment, of its use by the servant in going to or returning from
his work.'' As said in the body of the opinion, the scope
of the employment does not terminate at the instant the em-
ployee lays down his tools, but continues for a reasonable
time thereafter, while he is preparing to leave and leaving the
premises. But if, says the opinion, ''the employee, at the
time of the injury, has gone beyond the premises, or has
not reached them, and chosen his own place or mode of
travel, the injury does not arise out of his employment, nor
is it within the scope thereof.''

Likewise, the duty to provide a reasonably safe and con-
venient means of access to the premises and plant of the em-
ployer generally is coextensive with, but not outside of, the
limits of the premises under his control. There is no charge
that defendant has failed in any duty so far as his own
premises are concerned. But plaintiff by his declaration,
proof and argument rests his right of recovery upon the
breach of an alleged duty to use adequate means to safeguard
such of defendant's employees as voluntarily elected not to
avail themselves of a crossing duly guarded, less dangerous
and readily accessible to them, though slightly more circuitous,
but chose rather the shorter route, with the knowledge and
acquiescence of the defendant, as being a more convenient way
of approach to and departure from the place appointed
for them to convene mornings and evenings for the purpose
of registration.

An examination of some analogous cases arising under
compensation acts proves instructive upon the issues involved.
In *Fumiciello's Case,* 219 Mass. 488, the material facts
tended to show that an employee, while returning home at
the close of the day's work, entered upon a railroad track
which he had to cross after leaving his employer's premises,
and there was struck by a train and killed. The court in
affirming the denial of compensation said: ''It is plain that

if * * * it was necessary for him to pass over the railroad location, it formed no part of the employer's plant. * * * The contract of employment did not provide !for transportation or that the employee should be paid for the time taken in going and returning to his place of employment, and when the day's work had ended the employee was free to do as he pleased. If he had chosen to use the public ways and had been injured by a defect or passing vehicle, the administrator could not recover against the employer because there would be no causal connection between the conditions of employment and the injuries suffered. * * * The principle is the same and equally applicable where the employee uses a private way or crosses the land of another, either as a licensee or a trespasser."

By way of contrast and as showing the difference in the rule where the route taken in going home, and on which the injury occurred, was on the employer's premises, see *Stacy's Case,* 225 Mass. 174. There the court expressly distinguished the case from Fumiciello's Case on the ground that in the latter the employee was killed upon a railroad track which was not a part of the premises of the employer, while in Stacy's Case the route taken was on the premises.

Likewise, where an employee after work ceased left the plant, walked about two blocks from the premises, and was killed at a street intersection by a car, he was held not to be entitled to compensation. *N. K. Fairbank Co.* v. *Industrial Commission,* 285 Ill. 11. The court said: "When work for the day has ended, and the employee has left the premises to go to his home, the liability of the employer ceases, unless after leaving the plant of the employer, the employee is incidentally performing some act for the employer under his contract of employment."

Again in *Guastelo* v. *Mich. Cent. R. R.,* 194 Mich. 382, plaintiff after quitting work for the day left the place where he had been working to go to his bunk car a mile away. There were two routes that he could take, the shorter one being a railroad track, the other a public highway. Plaintiff elected to follow the railroad, and at a point about 600 feet down the track was injured by a passing train.

The court in denying compensation said that it was a well settled rule "that injuries sustained by an employee while going to or returning from the day's work, when there is no contract of transportation, are not to be regarded as arising out of or received in the course of his employment." See to the same effect *Hill* v. *Blair*, 182 Mich. 20.

Nor can a repairer of musical instruments who slips on the ice and is injured while going to his work be held to be injured in the course of his employment. *Industrial Commission* v. *Anderson*, (Colo.) 169 Pac. 135. And a janitor in an office building who was killed by coming in contact with an electric wire, just as he was leaving his home to go to work, was not in the course of his employment. *Murphy* v. *Ludlum Steel Co.*, 169 N. Y. Supp. 781.

In a case very similar to this, *Leite* v. *Paraffine Paint Co.*, 2 Cal. Ind. Acc. Com. 948, compensation was denied where it appeared that applicant's husband, while going to work, was killed by a train on the tracks of a railroad which ran in front of the employer's premises, he having taken a short cut across the tracks instead of walking several blocks to the one street which crossed the railroad and led to the plant.

While these cases are not directly in point, they do have a bearing upon the extent of the employer's liability to his employees, and show that even under compensation acts where an employer may be held for compensation even in the absence of negligence, his responsibility is limited generally to accidents occurring on the premises. Conceding the duty of a master to provide a reasonably safe means of access to the place of employment, one that was reasonably convenient for his men to use, has defendant not fully performed the obligation? Here was a public road crossing the railroad within reasonable distance of the plant, and adequately guarded. If the place of employment had been isolated completely from any highway, or located so as to be inaccessible or accessible only by incurring serious risks, the law doubtless would require defendant in the exercise of a reasonable degree of care to provide some reasonably safe and convenient means of access for the protection of his em-

ployees in going to and from their work, as held in *Patrick* v. *Atlas Knitting Co.,* 149 N. Y. Supp. 845. The case last cited is the only one out of many examined that extended the master's liability beyond the premises owned or controlled by him for the failure to provide a safe exit therefrom to a public road, and in that case there was no public crossing over the railroad tracks, no means provided for crossing to the public highway except by trespassing on railroad property. It is interesting to note the history of that case. Upon no trial did plaintiff obtain a judgment. He was thrice plaintiff in error and was successful only in the volume of the report cited above awarding him a new trial. See 170 App. Div. 943, 154 N. Y. Supp. 1136; 220 N. Y. 728.

No such situation existed here as was present in *Patrick* v. *Knitting Co.* There, according to the opinion, not even one safe means of ingress and egress was provided. Here there was one comparatively safe means of access, but which for his personal convenience deceased did not choose to follow, but instead elected to take another which was slightly shorter. He made the election with full notice and knowledge of the dangerous character of the course adopted. For he saw, and seeing he must have known, the imminence of the danger because of the presence of the freight cars on the track in front of him. Defendant had fulfilled its duty by providing one reasonably safe and convenient means of access for its employees. Owing no other, it therefore has breached no duty toward deceased and is subject to no liability.

We are, therefore, of opinion to reverse the judgment, set aside the verdict, and remand the case.

*Reversed and remanded.*