# CHARLESTON.

W. H. ZINN *v.* GODFREY L. CABOT.

Submitted February 22, 1921.   Decided March 1, 1921.

1. MASTER AND SERVANT—*Employer Not Assenting to Compensation Act Only Liable for Injury Resulting From Negligence.*

    An employer whose business comes within the purview of the Workmen's Compensation Act, and who does not take advantage of the immunity afforded thereby, is not liable to an employe injured in his service, unless such injury results from his negligence. (p. 121).

2. SAME—*Compensation Act Only Deprives Non-assenting Employer of Defense of Assumed Risk, from Own Negligence.*

    The provisions of the Workmen's Compensation Act denying to employers who do not comply with its terms the common law defense of assumption of risk does not mean that the employer is liable in damages for every injury received by an

employe in his service, but only deprives him of the defense that the employe assumed the risk of injury resulting from the employer's negligence, because such employe knew of such risk and remained in the service with such knowledge. (p. 121).

3.  SAME—*Instruction of Assumption of Risk Should be Limited to Risks from Employer's Negligence.* .

An instruction in an action for damages for personal injury which tells the jury that the employer in the particular case cannot avail himself of the defense of assumption of risk, without limiting the same to such risks as result from the employer's negligence, is misleading and should not be given. (p. 122).

4.  TRIAL—*Inconsistent Instructions Should Not be Given.*

It is error to give inconsistent instructions inasmuch as the jury is left to decide which theory of the law as thus presented is correct, and renders it impossible for the court to determine upon what legal principle the verdict is based. (p. 122).

5.  JUDGMENT—*Judgment Non Obstante Veredicto must be Based Upon Pleadings and Not Upon Evidence.*

A judgment *non obstante veredicto* must be based upon the merits of the case as disclosed by the pleadings, and not in any sense upon the evidence adduced upon the trial. (p. 123).

Error to Circuit Court, Roane County.

Action by W. H. Zinn against Godfrey L. Cabot. Judgment for plaintiff, and defendant brings error.

*Reversed and remanded.*

*Thos P. Ryan* and *Hogg & Hogg,* for defendant in error.
*Pendleton, Mathews & Bell,* for plaintiff in error.

RITZ, PRESIDENT:

The defendant by this writ of error seeks reversal of a judgment in favor of the plaintiff for damages for personal injuries received by him while in defendant's employ, upon the ground that the court misdirected the jury, that the verdict is not supported by the evidence, and that the same is excessive.

The defendant has a gas well in Roane county, the casing in whch had become broken so as to admit water into the well. To repair this damage a string of smaller casing was inserted in the inside of the casing then in the well down

to the point where the same was broken, at which point what is known as a wall packer was to be placed thereon, which would have the effect of supporting the inside casing and also of stopping the leak in the larger casing. The plaintiff was employed by the defendant to assist in doing this work. The casing consisted of sections of iron pipe, and in order to get these in the well an appliance called an elevator was fastened to one end thereof upon which was a collar and the casing raised in a vertical position by the derrick, and then dropped into the well until the upper end thereof was even with the surface of the derrick floor. This section was then held in that position while with another elevator another section was raised and screwed into the collar end of the section thus suspended in the well, after which the elevator used to hold the first section was released and the sections thus screwed together were dropped down until the top of the second section was level with the derrick floor, and this process was continued alternately using the elevators for securing the string of casing in the well and raising the new section to be attached thereto. At the time of the plaintiff's injury the string of casing had been completed, and had reached the point at which the wall packer was to be placed thereon. In order to attach this wall packer and make it operate it was necessary to drop what is termed a bailer into the casing by means of which a disk was broken releasing the springs in the wall packer, and making it catch on the side of the outside casing. The string of casing at that time projected somewhat above the derrick floor. It was being supported by one of the elevators around a collar at the derrick floor. The other elevator had been used to raise a short piece of casing which extended above the floor, and which was to be removed when the string of casing had been lowered to its permanent position. In order to drop this bailer in it became necessary to disengage the elevator attached to the top of the string of casing, for the reason that it obstructed the opening. This elevator was disconnected and propped up with what is called a casing pole. The bailer was then dropped in the well and the disk broken, and the

plaintiff under instructions from the foreman got upon a stool for the purpose of hooking up the elevator, when the same fell and caught his hand between a hook or link and the top of the casing, and severed two of his fingers.

The proof shows beyond contradiction that this work was being done in the usual and ordinary way. It is shown that the ordinary and usual way in which to support the elevator which had been disengaged was to prop it up with a casing pole, and it is shown that the casing pole used on this occasion was of the kind which is ordinarily used at oil and gas wells. It is not shown, nor is there any indication, that there was negligence in the method of doing the work. There is some suggestion in the plaintiff's evidence that the casing pole was greasy, but it is not indicated how this contributed, if it did contribute, to the accident. About all that the plaintiff's evidence shows in this regard is that the casing pole fell and his fingers were caught between a link or hook and the top of the casing. The pole was supported at the bottom against a pile of pipe or some pieces of timber fastened to the floor of the derrick three feet from the base of the casing in the well. As to just how it engaged the elevator at the top does not appear. Whether it fell because it was improperly secured at the bottom or improperly secured at the top is not indicated. As before stated, there is no suggestion in the plaintiff's evidence as to what caused it to fall. The defendant's foreman who was present and in charge of the work testifies that when the plaintiff got up on the stool for the purpose of hooking the elevator back he lost his balance and fell against the pole, and this is the only explanation made in any of the evidence as to the cause of the accident. The plaintiff denies this, however, and says that he did not touch the pole prior to the accident, and did not lose his balance and fall against it.

It appears that the defendant did not avail himself of the benefits of the Workmen's Compensation Act, and is, therefore, deprived of certain defenses of which he could have taken advantage prior to the passage of that act. However, even since the passage of that act, one who does not take

advantage of it is not liable in damages for every injury sustained by his employes. The basis of such an action is negligence, and unless some negligence is traced to the employer there is no cause of action. This negligence may be some defect in the working place, or may be some improper method of doing the work by some of the injured employe's fellow servants, but unless there is some failure upon the part of the employer to do something which he should do for the employe's safety, or the commission of some act by him or his servants which results in the injury, there can be no recovery. It is true the statute deprives the employer who fails to take advantage of the Workmen's Compensation Act, among other defenses, of the defense of assumption of risk, but we have repeatedly held that this did not mean that the employe did not assume some risk. He still assumes the risks arising from his own negligence and ordinarily incident to the employment. The risks which he does not assume are those which come from the master's negligence, of which he has notice, and which prior to the enactment of the Workmen's Compensation Law, because of his knowledge thereof and his remaining in the employment after such knowledge, he was held to have assumed, notwithstanding they were produced by the negligence of the employer. *De Francesco* v. *Mining Co.*, 76 W. Va. 756; *Watts* v. *Ry. Co.*, 78 W. Va. 144; *Louis* v. *Construction Co.*, 80 W. Va. 159; *Wilkin* v. *Koppers Co.*, 84 W. Va. 460, 100 S. E. 300. There being no evidence in this case indicating that there was any negligence upon the part of the defendant which contributed to the injury, the peremptory instruction asked for should have been given.

Inasmuch as the case must go back for a retrial, it is necessary for us to pass upon the instructions given on the motion of the plaintiff. The first instruction given informs the jury that the defendant cannot rely upon the defenses of contributory negligence, assumption of risk, or the negligence of fellow servants. This instruction should not have been given. It is true that under the statute the defendant could not rely upon the defense of assumption of risk, but giving the

instruction to the jury in the broad language which was used in this case was equivalent to directing a verdict for the plaintiff. As before stated, under our decisions the employe does assume certain risks, and it is only those risks which result from the master's negligence which are not assumed. This instruction in its literal sense, and as it would ordinarily be understood, would hold the defendant responsible for an injury from any cause, even one caused by the plaintiff's own negligence. It is true the court gave on behalf of the defendant an instruction to the effect that before a recovery could be had they must find that the defendant had been negligent. These two instructions, giving to the language its ordinary meaning, were conflicting. The instruction given in this regard on behalf of the defendant was proper, but we are unable to say whether the jury followed the correct instruction given on motion of the defendant or the too comprehensive instruction given on the motion of the plaintiff. It is error to give inconsistent instructions for the very good reason that the jury is left to decide which theory of the law as thus presented is correct, and renders it impossible for the court to determine upon what legal principle the verdict is based. *Penix* v. *Grafton,* 86 W. Va. 278, 103 S. E. 106.

Criticism is made of another instruction given on behalf of the plaintiff to the effect that the jury in ascertaining his damages could consider his physical condition before the accident as compared with his physical condition immediately thereafter, it being argued that the evidence does not show that there was any difference in his physical condition before and after the accident. This criticism is not well taken. The fact appears that two of his fingers were severed from his hand, and this certainly made a difference in his physical condition.

The defendant insists that he is entitled to have a judgment rendered here, notwithstanding the verdict of the jury, and asks that that be done. A judgment *non obstante veredicto* must be based upon the merits of the case as disclosed by the pleadings, and not in any sense upon the evidence

introduced upon a material issue properly joined. Where the pleadings make a case for relief, a judgment will not be rendered in opposition to the jury's verdict, upon the ground that the evidence does not prove the case made by the pleadings. If a party desires the conclusive judgment of the court upon the evidence he should demur thereto. *Holt* v. *Elevator Co.,* 78 W. Va. 785; *Shafer* v. *Trust Co.,* 82 W. Va. 618.

For the reasons aforesaid, the judgment of the circuit court is reversed, the verdict of the jury set aside, and a new trial awarded.

*Reversed and remanded.*