LAURA M. SMITH *v.* O. J. MORRISON *et al.*

(No. 8779)

Submitted September 28, 1938.    Decided October 11, 1938.

*Grover F. Hedges* and *S. P. Bell,* for plaintiffs in error.
*Harper & Baker,* for defendant in error.

RILEY, JUDGE:

This is an action by Laura M. Smith to recover damages for injuries suffered by her while performing her duties as saleswoman in defendants' store in Spencer, West Virginia.    The jury returned a verdict in her favor for $4,000.00, which was sustained by the circuit court.

The building occupied by the defendants, O. J. Morrison, W. B. Reed and J. P. Price, partners doing business as O. J. Morrison & Company, fronted on Main and Market Streets. The main floor space was divided into three levels, the Main Street entrance being on the lower level, and the Market Street entrance on the upper level. The shoe department, located on the second level (two steps above the first level), was connected with the Market Street level by a flight of six steps eight feet wide.

On the day of the accident, April 17, 1936, a sales table 30x48 inches with a box top, containing work shirts, stood on the Market Street level, with one end near the center of and ten inches back from the head of the flight of six steps. A few weeks prior, this table had been located "much further back" from, and "parallel with the steps." With the change in the position of this table it became difficult, according to plaintiff, for persons to pass along through the aisle upon which it was located toward the Market Street entrance. She testified that she called this fact to the attention of the manager of the store and one of the owners, and that the former told her that "if anybody was too big to get through there they would have to reduce."

Mrs. Smith, who usually worked in the dry goods department on the Main Street level, was required, as occasion demanded, to go to any part of the building. Immediately prior to the accident, she was standing facing the table with her left side to the stairs. A customer, whom she had accompanied to the Market Street level, was at her right.

While in the act of unfolding a shirt for the purpose of showing its sleeve length, plaintiff observed a man coming toward her from the Market Street entrance in the aisle in which she and her customer were standing. At the same time, she saw a man coming up the flight of steps from the direction of Main Street toward the aisle. In order to provide room for their passage, she attempted to step at the end of the table nearest the steps

and when she did so, her foot went over the edge of the floor and she fell down the steps in a diagonal direction and landed on her left shoulder. As a result of the fall, she suffered a fracture of the humerus just below the tip of her shoulder. Her arm and shoulder were placed in a cast for about forty-six days, and, according to the doctor who treated her, her injuries will be permanent in that she has lost approximately one-third of the shoulder motion and will continue to have arthritis of the spine.

Defendants, although within the meaning of Code, 23-2-8, were not subscribers to the Workmen's Compensation Fund.

Plaintiff proceeded upon the theory that the defendants were negligent in not providing her with a safe place to work. Her counsel say, and rightly so, that because the defendants were not subscribers to the Workmen's Compensation Fund, they are precluded from reliance upon the common law defenses of assumption of risk, contributory negligence and fellow-servant rule. Code, 23-2-8; *Thorn* v. *Addison Bros. & Smith,* 119 W. Va. 479, 194 S. E. 171, and cases cited in the opinion. Defendants' counsel take the position that the plaintiff assumed all the risks incident to her employment except that entailed by the defendants' negligence. This, of course, is another way of saying that the plaintiff has failed to show any negligence which proximately resulted in her injuries. The question is thus narrowed down to whether or not the court, as a matter of law, should have held, or the jury, as a matter of fact, could have drawn the inference that defendants were negligent in failing to provide plaintiff with a reasonably safe place in which to work. Of course, a master is always bound to furnish his employee with a reasonably safe place to work. *Thorn* v. *Addison Bros. & Smith, supra; Louis* v. *Smith-McCormick Construction Co.,* 80 W. Va. 159, 92 S. E. 249; *Wilkin, Admr.* v. *Koppers Co.,* 84 W. Va. 460, 100 S. E. 300. Under the ruling in *Thorn* v. *Addison Bros. & Smith, supra,* the defendants not being subscribers to the Work-

men's Compensation Fund, if guilty of actionable negligence in failing to furnish to plaintiff a reasonably safe place in which to work, are liable therefor, notwithstanding she knew of the danger and with said knowledge entered into the dangerous place in the course of her work. Upon defendants' motion for a directed verdict, the trial court had the right to indulge in favor of the plaintiff "every reasonable and legitimate inference fairly arising from the testimony, when considered in its entirety." *Nichols* v. *Raleigh-Wyoming Coal Co.*, 112 W. Va. 85, 163 S. E. 767.

In the *Thorn* case, the plaintiff's decedent, an employee, was killed by a fall through a trapdoor opening in the main floor of the defendants' warehouse. After the trapdoor was opened, it was guarded by some boxes and baskets having been placed around the opening, and the jury was permitted, after a view of the premises, to determine whether or not the boxes and baskets placed on the two sides of the opening were sufficient protection to guard against accidents. In that case, because sufficiency of the height of the boxes and baskets was in question and the fact that they were located on only two sides of the opening, it was for the jury to determine whether or not in truth and in fact plaintiff's place of work was reasonably safe. In the instant case, the steps at the place where plaintiff fell were necessarily unguarded, but the table was so situated that in going around its end, she was brought substantially to the very edge of the top step.

The fact that plaintiff's evidence is without contradiction does not necessarily make the question of defendants' negligence one of law. If the state of uncontradicted facts in this case is such that a jury could reasonably infer that the defendants were guilty of negligence which proximately caused plaintiff's injuries, the trial court did not err in submitting the case to the jury. Though the record is meager in minor details, a careful review of both record and briefs leaves us unconvinced that the defendants, as a matter of law, were free from

negligence. The aisle evidently was narrow; plaintiff testified that she thought the two men approaching her from opposite directions could not pass at her back on the aisle, and was prompted by her situation to step around the end of the table onto the narrow ledge of the top step from which she fell. True, she may not have been justified in doing what she did and her own action may have been contributory negligence. Such negligence, as we have indicated before, will not preclude her from recovery if the defendants were negligent in not furnishing her a safe place in which to work. The jury, we think, had the right, as it did, to infer from the instant record that plaintiff's injuries were the proximate result of defendants' negligence, and not the result of the primary negligence of plaintiff. That being so, the court was justified in submitting the issue to the jury.

In order that this Court may consider error based on the giving or refusal of instructions, objections thereto must be specific, and exceptions are required to be noted to the adverse rulings at the time made, else the point will be deemed waived. Rules of Practice VI (e), 116 W. Va. lxiii. Rulings on instructions, whether given as offered, refused, or modified and given, must be noted thereon by the trial judge (Code, 56-6-19) and the instructions must be made part of the record under Code, 56-6-20, or included in a formal bill of exceptions or certification. (Code, 56-6-35, 36.) Otherwise, great uncertainty and indefiniteness necessarily follow.

In this case the instructions given or refused, not being identified in statutory manner, are not considered on this review.

We are of opinion that the judgment of the circuit court should be affirmed.

*Affirmed.*

On Petition For Rehearing:

On petition for rehearing counsel for plaintiff in error exhibited to the Court the original draft of the instruc-

tions. Plaintiff's instructions Nos. 3 to 6, inclusive, were not specifically objected to, and therefore, should not be considered by this Court. Instructions Nos. 1 and 2 each has the notation thereon: "Given. L. H. Miller, Judge." Nowhere on these instructions nor elsewhere does it appear that exceptions were taken to the ruling of the court at the time made. The objections are therefore deemed waived under Rule VI (e) of the Rules of Practice and Procedure Promulgated by this Court, 116 W. Va. lxiii.