E. E. DEITZ, *Trustee, et al. v.* THE COUNTY COURT OF NICHOLAS COUNTY

(No. 9054)

Submitted April 16, 1940. Decided May 7, 1940.

G. G. *Duff* and W. G. *Brown,* for plaintiffs in error.
G. D. *Herold,* for defendant in error.

RILEY, PRESIDENT:

E. E. Deitz, trustee for the creditors of A. L. Craig, and Lillie P. Craig, trustee for the creditors of S. M. Craig, plaintiffs in an action *ex contractu* originally instituted before a justice of the peace against the County Court of Nicholas County, prosecute error to an adverse judgment, based upon a jury verdict, of the Circuit Court of Nicholas County.

Plaintiffs claim that on May 1, 1933, the defendant county court entered into a contract of lease with A. L. Craig and S. M. Craig, joint owners of a certain farm in Nicholas County, for the benefit of one George Corbitt and family, poor people dependent on public support. It is contended that this lease was for the period of one year, at sixty dollars per year, payable in monthly installments of five dollars each, and that the defendant having placed the Corbitt family in possession of the property, the lease, under Code, 37-6-5, became one from year to year, which extended until after the institution of this suit.

The execution of the alleged lease is based entirely upon the testimony of Miss Phern Craig, county relief administrator for Nicholas County. She testified, in substance, that A. L. Craig, now deceased, who seems to have con-

tracted all the business for himself and his brother S. M. Craig, appeared before the county court at the time the lease was claimed to have been made; that he had a contract there and told the county court that he would not let the Corbitts or anyone else move into the house unless he was paid rent and he then agreed to take five dollars a month or sixty dollars a year. Witness further stated she did not see the contract thereafter and did not know whether it was actually signed. The establishment of its execution rests upon whatever inference may be had from the fact that the Corbitts moved into the house after Craig had appeared before and informed the county court that he would not permit the use of the property in the absence of a contract. A search of the order books and records of the county clerk's office did not disclose any order authorizing or providing for the lease in question, and neither the county clerk nor the plaintiff Dietz had any knowledge of the existence of any written contract. Miss Craig's testimony was not contradicted and we think that it, together with the action of the county court in placing the Corbitts in the Craig house, is sufficient to warrant the circuit court in submitting, as it did, this question to the jury.

Assuming, however, that in fact an original lease existed, the next question arises does this record disclose a *prima facie* case to the effect that the same matured under the statute into a lease from year to year and, if so, was the lease from year to year terminated by any action on the part of the county court. The evidence bearing on these questions may be stated tersely. The county court paid rent until November 1, 1935, and the Corbitts were permitted to continue in possession notwithstanding the expiration of the one-year period. These facts are sufficient to give rise to the implication that the parties intended to create a tenancy from year to year. *Whalen* v. *Manley,* 68 .W. Va. 328, 331, 69 S. E. 843; *White* v. *Sohn,* 65 W. Va. 409, 411, 64 S. E. 442; *Arbenz* v. *Exley, Watkins & Co.,* 52 W. Va. 476, 44 S. E. 149, 61 L. R. A. 957; Tucker's Com., Book 2, page 81; 2 Minor's Inst. (2d Ed.), 173; 1 McAdam,

Landlord & Tenant (5th Ed.), sections 31, 40. On the last-mentioned date, the county court entered a general order, which provided that it would no longer be responsible for the support and maintenance of paupers in Nicholas County, and shortly thereafter the clerk called A. L. Craig's attention to this order. The order was not served upon the Craigs nor did the county court, or anyone on its behalf, give to them the three-months' written notice required by Code, 37-6-5, to terminate a lease from year to year. This statute provides in effect that a tenancy from year to year may be terminated upon written notice delivered to the other party at least three months prior to the expiration of the yearly period, and the termination of such a lease can be made only in the way prescribed by this statute. *Rees* v. *Emmons Coal Mining Co.*, 88 W. Va. 4, 106 S. E. 247, 23 A. L. R. 137n; *Drake* v. *O'Brien*, 83 W. Va. 678, 687, 99 S. E. 280, 40 A. L. R. 1401n, 68 A. L. R. 594n; *Coffman* v. *Sammons*, 76 W. Va. 13, 17, 84 S. E. 1061, 25 A. L. R. 805n. So, under this rule, the entry of the general order does not measure up to the statutory requirements; and, as nothing in the record does away with the necessity of the statutory notice, this case is one proper for submission to a jury.

Plaintiffs assign as further error the refusal to give plaintiffs' instructions Nos. 1, 2, 3, 4 and 5, and the giving of defendant's instruction No. 1. Plaintiffs' instructions Nos. 1 and 4 are abstract, and the refusal to give abstract instructions is never reversible error. *Jones* v. *Smithson*, 119 W. Va. 389, 193 S. E. 802; *Parker* v. *Nat. Mut. Bldg. & Loan Ass'n.*, 55 W. Va. 134, 46 S. E. 811; *State* v. *Prater*, 52 W. Va. 132, 43 S. E. 230.

Plaintiffs' instruction No. 2 is erroneous because it does not explicitly submit to the jury the question whether there was in fact an original lease for one year, and a holding over and payment of rent beyond the expiration of the year. Plaintiffs' instruction No. 3 likewise is erroneous because it assumes that in fact there was a relation of landlord and tenant. Plaintiffs' instruction No. 5 as we view it contains no prejudicial error and should

have been given. The objection to the giving of defendant's instruction No. 1 was general and based upon no specific grounds. If it contains error, such error cannot be considered here under rule VI (e) of the Rules of Practice and Procedure for trial courts, 116 W. Va. lxiii. As to the application of this rule to civil cases, see *Keatley, Admr.* v. *Hanna Chevrolet Co.*, 121 W. Va. 669, 6 S. E. (2d) 1; *Smith* v. *Morrison*, 120 W. Va. 481, 199 S. E. 689.

Certain remarks of the prosecuting attorney made to the jury are assigned as additional error. The record, however, does not disclose that plaintiffs' attorneys made promptly a motion for a mistrial or an instruction to the jury to disregard these remarks. If prejudicial, we think the prejudice was waived.

For the foregoing reasons, we reverse the judgment of the trial court, set aside the verdict, and award a new trial.

*Judgment reversed; verdict set aside; new trial awarded.*