DELL WALLS

*v.*

RAY MCKINNEY

(No. 10581)

Submitted April 27, 1954.  Decided May 18, 1954.

*Fletcher W. Mann, R. D. Bailey,* for plaintiff in error.

*D. Grove Moler,* for defendant in error.

Lovins, Judge:

This action was brought by Dell Walls in the Circuit Court of Wyoming County, against Ray McKinney, to recover damages for an injury suffered by the plaintiff while driving a truck belonging to the defendant. The parties hereto will be designated as they stood in the Circuit Court.

A jury trial was had, which resulted in a verdict for $1000.00 in favor of the plaintiff, and the trial court, after overruling the motion to set aside the verdict, entered judgment for that amount. The defendant prosecutes a writ of error to this Court.

The plaintiff worked for the defendant in two capacities: As a sawyer and as a truck driver, transporting certain mine props and sawed timber from the saw mill owned by the defendant to a coal mine at Otsego, West Virginia. The plaintiff received the sum of $.85 per hour while working as a sawyer and the sum of $4.00 per load for hauling mine props and $5.00 per load for hauling sawed timber from the saw mill to the mine.

The plaintiff had been driving a certain truck belonging to the defendant for approximately two years and using it in transporting the mine props and sawed timber from the defendant's saw mill to the mine. The truck used by the plaintiff on the day of the accident had been repaired about two weeks previously by relining the brake of the truck, such repair work having been done by the plaintiff and defendant. The plaintiff testified that he had

notified the defendant of the defective service brake of the truck and that the emergency brake was inoperative. He further testified that sometime prior to the accident he had received from the defendant a can of brake fluid which he had applied to the hydraulic brake of the truck.

On the day of the accident, the defendant was in Tazewell, Virginia. On that day the plaintiff drove the truck to the saw mill and loaded approximately 450 mine props on the truck and started on his way to the Otsego Mine.

In the course of that journey, the plaintiff drove down a very steep hill which had a grade of approximately 22%, on a small portion thereof. He safely descended the first hill, which is described in the record as having various lengths. It is probably safe to say that the first hill was approximately one-half to three-fourths of a mile in length, but it was only a small portion of that length on which the steep grade existed.

After descending the first hill, he reached the level portion of the highway. He stopped twice during the course of the journey and before the accident. At one of these stops, he picked up his stepson and another person to ride with him. At each stop, the plaintiff testified that he was compelled to "pump" the brake, evidently meaning that he had to manipulate the brake by pressing on the brake pedal. After he arrived near the scene of the accident, he proceeded up a hill in low gear until he reached the crest of that hill, when he shifted from low gear to a higher gear. When he started down that hill, the service brake failed. He directed his stepson and the other passenger to jump from the truck, which they did, thus avoiding injury. He rode in the truck a short distance further, when he jumped from the truck. The truck proceeded a short distance further when it went over the bank at a curve and was completely demolished.

In jumping from the truck, the plaintiff suffered a broken right arm, bruises and contusions, and injuries to his teeth which resulted in the loss of three of them.

It is to be noted that the hill where the accident occurred had a grade of approximately 6%.

The plaintiff testified that he was employed regularly by the defendant. The defendant, on the contrary, testified that the employment was irregular, and that he only used employees at the mill when it was necessary to operate the mill, and that it operated at irregular intervals.

The plaintiff and defendant testified that they had entered into a verbal agreement whereby the plaintiff would have possession of the truck for the purpose of hauling props and sawed timber as hereinabove stated. Plaintiff was to haul timber when the mill was not operating and at any hour he chose, but he was required to haul in accordance with the needs of the Otsego Mine and the contract defendant had with such Mine. Plaintiff retained full possession of the truck, but defendant supplied the gas, oil and kept the vehicle in repair. Plaintiff and defendant further testified that by this verbal agreement, either party could end the contract at any time.

The case seems to have been tried on the theory that the defendant was deprived of the common law defenses of contributory negligence and assumption of risk, as provided by Chapter 131, Article 2, Section 8, Acts of the Legislature, 1945, Regular Session.

Defendant contends (1) that the record does not show any primary negligence on the part of the defendant; (2) that he is not barred under the above cited provisions of the Workmen's Compensation Statutes of his defenses of contributory negligence and assumption of risk; (3) that the plaintiff when injured, was an independent contractor and not an employee of the defendant; (4) that the trial court committed error in refusing certain instructions offered by the defendant; (5) that the trial court likewise erred in permitting the plaintiff to reopen his case twice after having rested and refused to require plaintiff to join in a demurrer to the evidence.

Three controlling questions are presented by the record

in this case: (1) Was the defendant negligent? (2) Was the employment of plaintiff subject to the provisions of the Workmen's Compensation Statutes? (3) Was the plaintiff an employee of the defendant or an independent contractor?

We discuss these questions in the order stated. It is the duty of a master to use ordinary care, to provide safe machinery, tools and appliances and to keep them in such condition. See Cooley on Torts, page 508. The master is liable for negligence in failing to use due care to furnish his employee reasonably safe machinery and appliances and notwithstanding that the employee knew of the danger and with such knowledge used such machinery in the course of his employment, the master is liable. *Smith v. Morrison*, 120 W. Va. 481, 199 S. E. 689. "Generally, it is a master's duty to provide his servants reasonably safe and suitable tools and appliances sufficient for the work intended, and the servant may assume that the master has performed that duty; and whether the master has been negligent in that duty is generally a question for the jury under all the facts and circumstances." *Estep* v. *Price*, 93 W. Va. 81, 115 S. E. 861. See *Wilkin, Adm'r* v. *Koppers Co.*, 84 W. Va. 460, 100 S. E. 300; *Robinson* v. *Coal Co.*, 78 W. Va. 94, 88 S. E. 620; *Chandler* v. *Car & Foundry Co.*, 69 W. Va. 391, 71 S. E. 387; *Denny* v. *Car & Foundry Co.*, 69 W. Va. 405, 71 S. E. 706; *Soward* v. *Car Co.*, 66 W. Va. 266, 66 S. E. 329; *Giebell* v. *The Collins Co.*, 54 W. Va. 518, 46 S. E. 569.

The defendant was under the duty to equip his truck with proper brakes and such duty is non assignable. *Aronovitch* v. *Ayers*, (Va.) 193 S. E. 524.

This record shows that the truck belonged to the defendant and that under the oral agreement with the plaintiff, it was his duty to keep it in repair. Though there is a dispute as to whether the defendant furnished a can of brake fluid to the plaintiff, the jury having found for the plaintiff, we treat the testimony of the plaintiff as being true. *Meyn* v. *Auto Co.*, 118 W. Va. 545, 191 S. E. 558;

*Wiseman v. Ryan,* 116 W. Va. 525, 182 S. E. 670. Applying that principle, the defendant attempted to repair the brake by relining it and he attempted to remedy the defective brake by furnishing a can of brake fluid. Notwithstanding this action on the part of the defendant, the truck brake failed on the trip when the plaintiff was injured. True, the brake evidently held the truck while coming down a steep hill, and was sufficient to stop the vehicle twice on the trip resulting in the injury of the plaintiff. But, the emergency brake was not operating, nor in a state of repair. No care had been used by the defendant in making repairs to the emergency brake, and he had not made sufficient inspection of the service brake. This fact seems to be undisputed by the evidence.

In all the circumstances of this case, it was a question for the jury whether the defendant was negligent or otherwise. It is clear that a truck having a load of 450 mine props to deliver and in the course of making such delivery, being required to descend two hills, that the brakes should have been in good condition. We can not say that the evidence in this case is insufficient to support the verdict of the jury and therefore, we will not disturb the verdict on the ground that the defendant's negligence was not shown.

It is appropriate to note that the plaintiff had knowledge of the defective and inoperative brakes. Notwithstanding this, he operated the truck for the purpose of hauling the mine props in the course of which he was injured. His negligence in so operating the truck contributed to his injury. He likewise assumed the risk of such operation, knowing the truck had defective brakes and was required to descend two steep grades. Those facts, if available to the defendant as defenses, would, as a general proposition, defeat plaintiff's recovery. But in this case, as hereinafter shown, the defendant, having failed to qualify under the Workmen's Compensation Statutes, he is precluded from making such defenses. Those defenses, being out of the case by operation of the

Workmen's Compensation Statutes, the plaintiff may recover, notwithstanding his negligence in operating the truck as he did.

The enactment of the Workmen's Compensation Statutes has materially changed some of the common law rules applicable to the actions for damages by a servant against the master. Among other provisions, Section 1, Article 2, Chapter 131, Acts of the Legislature, 1945, Regular Session, provides that: "All persons, firms, associations and corporations regularly employing other persons for the purpose of carrying on any form of industry or business in this state are employers within the meaning of this Chapter and subject to its provisions; * * *". Section 1 *idem* further provides that all persons in the service of employers, as defined therein, are subject to the provisions of Chapter 131 *idem*. A casual employer is likewise defined in Section 1, Article 2 *idem*, as an employer who employs not more than three persons for a period of not more than one month. A casual employer, as well as an employer engaged in agriculture may voluntarily subscribe to the Workmen's Compensation Fund.

The record in this case shows that the defendant was not a casual employer, nor was he and his employees engaged in agricultural service. That being true, and having regard to the general classification contained in Section 1, Article 2 *idem*, and the testimony of the plaintiff to the effect that he worked six days a week and that he was regularly paid at two weeks periods, the conclusion seems to be necessary that the operation of the saw mill and the business of furnishing mine timber to a coal mine was a regular business carried on by the defendant. It is a reasonable inference that the defendant's business was within the meaning, intent and spirit of the Workmen's Compensation Statutes.

The foregoing, being true, the defendant in this case is deprived of the defense of the fellow servant rule, the defense of assumption of risk and the defense of con-

tributory negligence. Section 8, Article 2, Chapter 131, Acts of the Legislature, 1945, Regular Session.

There is nothing in this record to show that the defendant made the election provided for in Section 9, Article 2 of Chapter 131 *idem,* to insure payments of compensation to injured employees and dependents. Hence, we dismiss any further consideration of the question of such election.

The Act depriving the employer of the common law defenses of contributory negligence and assumption of risk is constitutional. See *Rhodes* v. *Coal Company,* 79 W. Va. 71, 90 S. E. 796; *Watts* v. *Electric Ry. Co.,* 78 W. Va. 144, 88 S. E. 659. If the employer is not guilty of any primary negligence proximately causing the injury, even if such employer has failed to comply with the Workmen's Compensation Statutes, the employer is not liable. The effect of the Act only deprives him of the defenses enumerated in the Statute. *Laas* v. *Lubic,* 101 W. Va. 546, 133 S. E. 142; *Estep* v. *Price, supra; Zinn* v. *Cabot,* 88 W. Va. 118, 106 S. E. 427; *Wilkin, Adm'r* v. *Koppers Co., supra.*

The assumption of risk by an employee is likewise limited to a certain extent. "The risks which he [the employee] does not assume are those which come from the master's negligence of which he *has* notice, and which prior to the enactment of the Workmen's Compensation Law, because of his knowledge thereof and his remaining in the employment after such knowledge, he was held to have assumed, notwithstanding they were produced by the negligence of the employer." *Zinn* v. *Cabot, supra.*

In this case the record is clear that the plaintiff knew of the defective brakes on the truck and was also acquainted with the steep part of the road he was required to travel over to transport the mine props of the defendant to the Mine at Otsego, West Virginia. Nevertheless, his contributory negligence in operating the truck as he did, which resulted in his injury, has no effect on the liability of the defendant who was guilty of primary negligence as hereinabove shown.

The record shows that the defendant, being engaged in a business, though intermittently operating such business, had employed the plaintiff as a sawyer and as a truck driver for approximately two years; that the defendant worked regularly six days a week and was paid at regular periods of two weeks. Those facts are sufficient to bring the work of the plaintiff within the Workmen's Compensation Statutes.

We conclude that the Workmen's Compensation Statutes, Chapter 131, Acts of the Legislature, 1945, Article 2, Sections 1 and 8, are applicable and controlling as to the plaintiff's employment by the defendant. Reaching that conclusion, the plain provisions of the Workmen's Compensation Statutes deprive the defendant of the common law defenses of contributory negligence and assumption of risk, no question of the fellow servant rule being presented in this record.

We now come to the inquiry whether the plaintiff was an employee or an independent contractor. The test of such relationship will be found in the first and only point of the syllabus prefixed to the opinion in *Greaser* v. *Oil Company*, 109 W. Va. 396, 155 S. E. 170, which reads as follows: "The test of the relation between one having work done and the workman consists in the employer's right or lack of right to supervise the work. If that right exists, the relation is that of master and servant. If that right does not exist, the relation is that of employer and independent contractor."

This Court has dicussed at some length in other cases the controlling principles in resolving a dispute whether a person is an independent contractor or an employee. We cannot improve on the statement of the controlling principles found in the second point of the syllabus in the case of *Waldron* v. *Coal Co.*, 89 W. Va. 426, 109 S. E. 729, reading as follows: "Whether a person performing work for another is an independent contractor depends upon a consideration of the contract of employment, the nature of the business, the circumstances under which the con-

tract was made and the work was done. And if it appears that the owner of the business retains general control of the premises where the work is being performed, and has power to direct when it shall be performed, furnishes part of the equipment, does a portion of the work himself necessary for the continuance of the work to be done under the contract, pays the contractee a stipulated price per square yard of the work performed, and that there is no fixed time for the termination of the contract, the relation of independent contractor is not established; although the contractee under such contract employs and discharges his employees on the work, and pays them out of the money he derives from the contract." *Waldron* v. *Coal Co., supra,* is also authority for the proposition that where an action is defended on the grounds the plaintiff was an independent contractor and the plaintiff makes a prima facie case showing the relationship of master and servant, the burden is upon the defendant to "* * * prove all facts and circumstances necessary to establish that the work was being done by an independent contractor." See also, *Kirkhart* v. *United Fuel Gas Co.,* 86 W. Va. 79, 102 S. E. 806.

If there is no substantial conflict in the evidence concerning the relationship of a person doing work for another, the question of such relationship becomes one of law for the court. *Rawson* v. *Coal Co.,* 100 W. Va. 263, 130 S. E. 492. If a person doing work for another is an independent contractor and not an employee, the Workmen's Compensation Statutes, Chapter 131, Article 2, Sections 1 and 8 *idem,* do not apply; *Rawson* v. *Coal Co., supra;* and the defendant employer is not precluded from his common law defenses.

In the instant case, compensation paid plaintiff for hauling mine props and sawed timber was calculated on the basis of the number of hours required to deliver the props and timber to the Otsego Mine. The contract of employment between the plaintiff and defendant could have been ended at any time by either of the parties, and

the defendant exercised a certain control over the necessity and time for delivery of the props and timber to the Otsego Mine. True, the defendant did not ride with the plaintiff and supervise the minute details of loading and driving the motor truck, but he did make some deliveries of mine props and timber in another truck driven by him. Though he was absent at the time of the accident, it is shown by the record that he expected and required the plaintiff to make delivery of the mine props and timber to the mine when same was required by the mine operator. See *Ferguson* v. *Pinson,* 131 W. Va. 691, 50 S. E. 2d 476; *Green* v. *Henderson,* 136 W. Va. 329, 67 S. E. 554, 557.

We find nothing in this record which shows clearly that the plaintiff was an independent contractor. The circumstances of his employment and the payment on an hourly and trip basis for his labor are not sufficient to clearly establish the relationship of independent contractor. The defendant has not borne the burden of proof establishing the relationship of independent contractor. We therefore hold that plaintiff was an employee of the defendant.

Other subsidiary questions relate to the refusal of defendant's instructions numbered 2, 3, 4, 7, 14 and 20, and of the action of the trial court in permitting the plaintiff to reopen his case twice after he had rested, and refusing to require the plaintiff to join in a demurrer to the evidence.

Instructions numbered 2, 3 and 4, tendered by the defendant and refused by the court relate to the common law defenses of contributory negligence and assumption of risk. The discussion hereinabove contained disposes of those questions. It shows that the defendant was precluded from asserting them. Therefore, it was not error to refuse defendant's instructions numbered 2, 3 and 4.

Instruction number 7 was a binding instruction and ignores plaintiff's theory. For that reason, it was properly refused. Defendant's instruction number 14 did not correctly state the duty of the defendant with respect to the

defective brakes and loading of the truck. This instruction was properly refused. It was the duty of the defendant, according to the contract, to keep the truck in repair and it was his non assignable duty to use due care to furnish to the plaintiff reasonably safe appliances for the performance of plaintiff's duties. Defendant's instruction number 20 in essence, is one submitting the question of contributory negligence to the jury, which as we have said, was not available to the defendant as a defense. Hence, the refusal by the court to give instruction 20 was not error.

We now come to a discussion of the action of the court in permitting the plaintiff to reopen his case twice and the refusal to compel the plaintiff to join in the demurrers to the evidence. There is no merit in that assignment of error. It was a discretionary matter with the court to permit reopening of plaintiff's case and to refuse to compel the plaintiff to join in the demurrers. The second demurrer to the evidence having been withdrawn by defendant's counsel, we see no improper or arbitrary elements in the action of the court in so doing. *Burns Bros.* v. *Morrison,* 36 W. Va. 423, 15 S. E. 62; *Hunter* v. *Snyder's Ex'r.,* 11 W. Va. 198; *Boyd's adm'r* v. *City Savings Bank,* 15 Grattan, 501.

Perceiving no prejudicial and reversible error in the trial of this case in the Circuit Court of Wyoming County, we accordingly affirm the judgment of that Court.

*Affirmed.*