TOLBERT SUTTON *et al., Partners, etc. v.* MARY WALTON *et al.*

(No. 9032)

Submitted May 7, 1940. Decided June 22, 1940.

*P. M. Ireland,* for plaintiff in error.
*R. S. Blair,* for defendant in error.

RILEY, PRESIDENT:

This is an action on the common counts in assumpsit to recover $427.30, claimed by the plaintiffs, Tolbert Sutton and Alvadore Sutton, partners trading under the firm name of T. Sutton & Bro., Smithburg, West Virginia, to be due them from John, Mary, William, Albert and Frank Walton, for hauling done and lumber and building materials furnished in the enlargement of a road house, the "Little Switzerland." A demurrer to the declaration having been overruled, the defendants interposed a plea of the general issue. To a judgment entered on a jury verdict in plaintiffs' favor for the amount declared on, the defendants prosecute error.

Plaintiffs' case is based primarily upon the theory of a joint liability; whereas defendants say that it was John, and John alone, who contracted with plaintiffs. The several items involved are set out in the account or bill of particulars, attached to and made part of the declaration.

The road house is located a short distance from the Walton residence, both buildings being on real estate, formerly owned by all the defendants, but which, at the time of the additions involved herein, belonged to Mary, William and Albert. John lives in Clarksburg, and Frank on the home place with the others. Albert, who at the time of the alleged contract and the furnishing of services and materials was admittedly in Ohio, testified that he did not

know of the claims of plaintiffs until after the institution of legal proceedings. His testimony is without substantial contradiction.

Tolbert Sutton testified in effect that a message was left at his place of business to come down to the Walton homestead (distance not given), on the evening of December 3, 1934; that John, Mary, William and Frank Walton, together with another person with plans for the proposed improvement, were present; that as a result of this meeting plaintiffs did certain hauling, and, from time to time, filled a number of orders for lumber to be used in the enlargement of the building, the first being placed by John; and that thereafter orders came in from everybody, "from the whole Walton family." Tolbert denied a separate contract between John and him, in so far as the services and materials listed in the bill of particulars are concerned. In further support of joint liability is the testimony of William Swisher. This witness, who did certain carpenter work on the building, for which he was paid, stated that it was hard to say who hired him; that "they (the Waltons) hired me and my boy * * * the whole bunch; * * * (that) I was talking to all of them and some of them told me to go ahead." Likewise, the use of the pronoun "we" in the testimony of Mary Walton indicates that the enlargement of the road house was a joint enterprise, although she denied liability on her own part with regard to the items declared on by the plaintiffs.

According to the testimony introduced on behalf of defendants, John informed Sutton that he had lumber which he proposed to give to his sister for the purpose of enlarging the road house; that John entered into an agreement, on his own behalf, with Sutton, whereby the latter was to take all lumber designated by John at $20.00 per thousand and in turn to furnish the necessary lumber for the road house to John at $30.00 per thousand; that the defendants, other than John, had nothing to do with the transaction.

The case was submitted to the jury on three instructions, one for the plaintiffs and two for the defendants.

Defendants' instructions Nos. 3 and 8, given, fairly submitted the issue of joint liability to the jury. No specific ground having been pointed out to the trial court as to the fault in the plaintiffs' No. 1, given, error, if any, cannot be considered here under rule VI (E) of Rules of Practice & Procedure for trial courts, 116 W. Va. lxiii. As to the application of this rule to civil cases, see *Keatley, Admr.* v. *Hanna Chevrolet Co.,* 121 W. Va. 669, 6 S. E. (2d) 1; *Smith* v. *Morrison,* 120 W. Va. 481, 199 S. E. 689; *Dietz, Trustee,* v. *County Court of Nicholas County,* 122 W. Va. 296, 8 S. E. (2d) 884.

The defendants also complain of the refusal, by the court, of their proffered instructions. These instructions, in the main, were intended to meet an alleged variance between the allegations and proof upon the question of parties, i. e., the misjoinder of defendants. Each proceeded on the theory that if the jury should find from the evidence that the materials and services described in the account were furnished on a contract between plaintiffs and John alone, then they should "find for the defendants." This is not the law. The same rule, as to joinder of parties in tort proceedings, is applicable in actions on contract. See Code, 56-6-32 and 56-4-34. Where misjoinder appears by affidavit, or otherwise, action may at any time be dismissed as to parties misjoined and there shall be no misjoinder as to proper parties. If the question of liability is one of fact, as here, it is for the jury to say who, if anyone, is liable.

The jury has found against all of the defendants. In this they were warranted, except as to Albert. Albert, according to the record, had no part in the enlargment of the road house. As to him the judgment is reversed, the verdict set aside, and the action dismissed; as to the other four defendants, the judgment is affirmed.

> *Reversed and action dismissed as to Albert*
> *Walton; affirmed as to the other defendants.*