STATE *ex rel.* HAROLD L. SANGSTER, *et al., etc.*

*v.*

HONORABLE VANCE E. SENCINDIVER, *Judge*

(No. 12860)

Submitted September 3, 1969. Decided November 11, 1969.

*Pinsky, Mahan, Barnes & Watson, Raymond A. Hinerman, Berlin, Roisman & Kessler, Gladys Kessler,* for relators.

*Clarence E. Martin, Jr.,* for respondent.

BROWNING, JUDGE:

On May 8, 1969, an action was commenced in the Circuit Court of Berkeley County by Potomac Edison Company of West Virginia, a corporation, against Harold L. Sangster, Ruth H. Sangster, in their individual and marital capacities, Citizens National Bank of Martinsburg and Guy R. Avey, Jr., Trustee. The suit petitions the Court to condemn certain real property owned by the Sangsters in order to obtain an easement and right of way. The Citizens National Bank of Martinsburg was joined as respondent because at the time the suit was commenced the bank held an outstanding thirty-day note. Avey was joined because he was trustee for the Sangsters' deed of trust on the property. On June 5, 1969, Harold and Ruth Sangster paid to the Citizens National Bank of Martinsburg the full amount then due and owing on the outstanding thirty-day note and the Citizens National Bank thereupon recorded the release of the deed of trust which it had taken and of which Avey was trustee. It is petitioners' position that at this time neither the bank nor the trustee has any interest whatsoever in the property involved in this action which is owned by the petitioners and no relief can be granted against the bank and trustee. Consequently there is no reason for the bank and trustee to be retained as parties and it is petitioners' contention that they are now improperly and unnecessarily joined in a condemnation proceeding. Petitioners allege that this misjoinder is causing them irreparable harm in that the Sangsters are being prevented from removing their case to federal court, the forum they are

statutorily entitled to be in and also that there is no adequate remedy available to the petitioners. The Sangsters upon motions and affidavits have moved the Honorable Vance E. Sencindiver, Judge of the Circuit Court of Berkeley County, to dismiss the bank and trustee as parties which motions have been overruled. The Sangsters filed this petition on August 14, 1969, for writ of mandamus directing the respondent to dismiss the Citizens National Bank of Martinsburg and Guy R. Avey, Jr., trustee, from the action. We granted the rule returnable September 3, 1969.

At the time the eminent domain proceeding was instituted the bank and the trustee were necessary parties. It is evident from the motion of counsel and from the proceedings herein that approximately thirty days thereafter, to be exact on July 5, 1969, the bank and the trustee ceased to be necessary parties inasmuch as the Sangsters paid the $43,000 owing to the bank in full and the deed of trust securing the note was released. Thus we have a case wherein the parties were necessary at the inception of the litigation but during the litigation and prior to the trial they became unnecessary for final adjudication of the issues therein. That fact is new apparently as far as the decisions of this or any other court that we have found are concerned. Furthermore it is to be observed that neither the bank nor the trustee seeks to be dismissed as misjoined parties and the motion is made by two other defendants, the owners of the property sought to be condemned, the Sangsters. That fact apparently is novel also.

It is evident from a review of the decisions of this Court that in suits in equity and actions ex delicto only the party improperly joined could take advantage of the defect. See *Fidelity & Deposit Co. v. Shaid,* 103 W. Va. 432, 137 S. E. 878; *Lambert v. McDowell County Court,* 103 W. Va. 37, 136 S. E. 507. The rule was to the contrary with regard to actions ex contractu. See *Stewart v. Tams,* 108 W. Va. 539, 151 S. E. 849. The common law rule has been superseded by Chapter 56, Article 4, Section 34 of.

the Code, as amended. Insofar as pertinent it provides: "No action or suit shall abate or be defeated by the misjoinder or nonjoinder of parties, plaintiff or defendant. Whenever such misjoinder shall be made to appear by affidavit or otherwise, the parties misjoined shall be dropped by order of the court, entered of its own accord or upon motion, at any stage of the cause." This Court stated in *Roanoke Grocery & Milling Co.* v. *Watkins*, 41 W. Va. 787, 24 S. E. 612, 37 A. L. R. 1232, that this Section and Section 35 following showed a legislative intent "to do away with the common-law hardships." In a more recent decision upon this question, *Sutton* v. *Walton*, 122 W. Va. 424, 10 S. E.2d 573, this Court said: "This is not the law. The same rule, as to joinder of parties in tort proceedings, is applicable in actions on contract. See Code, 56-6-32 and 56-4-34. Where misjoinder appears by affidavit, or otherwise, action may at any time be dismissed as to parties misjoined and there shall be no misjoinder as to proper parties." Eminent domain is strictly not a suit in equity, an action ex delicto or an action ex contractu. It is a statutory proceeding, but, of course, the difference between suits in equity and actions at law has been abolished by Rules of Civil Procedure for trial courts adopted and promulgated by this Court in 1960.

The precise question presented in this proceeding is whether or not the provisions of Code, 56-4-34 as heretofore quoted are applicable to this proceeding. It will be noted that that portion of the section heretofore quoted refers to an "action," a "suit" and a "cause." It is the view of this Court that it was the intention of the Legislature in using that comprehensive language to include all types of litigation including the statutory proceeding of eminent domain. It is further the view of this Court that the language "at any stage of the cause" meant that if parties became misjoined during the litigation even though necessary parties at the inception of the litigation that it was mandatory duty of the trial judge upon such showing being made to dismiss such parties. It is true that the peti-

tioners herein, the Sangsters, could after final judgment herein appeal to this Court and if the bank and the trustee were improperly joined the judgment of the trial court could be reversed but we believe that remedy to be inadequate in view of the firm provisions of Section 34. We believe, to repeat, that it became the mandatory duty of the trial judge when the showing was made, which is not seriously denied herein, that the bank and the trustee had ceased to be necessary parties to the litigation, to enter an order dismissing them as such parties. Therefore, the writ of mandamus will be awarded directing the respondent, the Honorable Vance E. Sencindiver, Judge of the Circuit Court of Berkeley County, to enter an order dismissing from this proceeding the Citizens National Bank of Martinsburg and Guy R. Avey, Jr., Trustee.

*Writ awarded.*